Mike Arias (CSB #115385)
    mike@aswtlawyers.com
Alfredo Torrijos (CSB #222458)
    alfredo@aswtlawyers.com
**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Tel: (310) 844-9696
Fax: (310) 861-0168

*Attorneys for Proposed Intervenors*
*Jane Doe 1 (LASC Case No. BC707655) and*
*Jane Doe 1 (LASC Case No. BC707879)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: USC STUDENT HEALTH CENTER LITIGATION | **CASE NO. 2:18-cv-04258-SVW**<br><br>[Consolidated with Case Nos. 2:18-cv-04940-SVW-GJS, 2:18-cv-05010-SVW-GJS, 2:18-cv-05125-SVW-GJS, and 2:18-cv-06115-SVW-GJS]<br><br>**NOTICE OF MOTION AND MOTION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING PRELIMINARY APPROVAL**<br><br><u>Hearing</u><br>Date:  April 15, 2019<br>Time: 1:30 p.m.<br>Courtroom:  10a<br>Judge:  Stephen V. Wilson |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 15, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10A of the above-entitled court, located at 350 N. First Street, Los Angeles, California 90012, proposed intervenors Jane Doe 1, the plaintiff in Los Angeles Superior Court Case No. BC707655, and Jane Doe 1, the plaintiff in Los Angeles Superior Court Case No. BC707879 (collectively, the "Proposed Intervenors") will and do hereby move the Court for an order granting them leave to intervene in these consolidated class actions as a matter of right or, alternatively, permissively for the limited purpose of opposing Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and to Direct Class Notice (the "Motion for Preliminary Approval"), which is set for hearing on April 1, 2019. [Doc. #67.]

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which began on March 11, 2019 and concluded March 13, 2019, as set forth in the Declaration of Mike Arias filed concurrently herewith. (Arias Decl., ¶¶ 3-4.)  Subject to Court approval, the parties to this action will not oppose Proposed Intervenors' *ex parte* application, filed concurrently herewith, to shorten time to have this motion heard on April 1, 2018.  As set forth in that *ex parte* application, the parties to this action and Proposed Intervenors have further agreed, subject to Court approval, that opposition to this Motion shall be filed and served on March 25, 2019, and that Proposed Intervenors have agreed to waive any written reply in support of their Motion. (Arias Decl., ¶ 4.)

This Motion is made pursuant to Federal Rule of Civil Procedure 24(a) on grounds that: (i) because Proposed Intervenors are members of the proposed settlement class, they have a significant protectable interest in the preliminary approval of the proposed class action settlement; (ii) granting of preliminary approval of the proposed settlement will, as a practical matter, impair or impeded Proposed Intervenors' ability to protect their interest; (iii) the motion to intervene is timely; and (iv) the "minimal" showing of inadequate representation necessary to justify intervention is satisfied.

1    Alternatively, this Motion is made pursuant to Federal Rule of Civil Procedure 24(b) on
2  the grounds that the Proposed Intervenors do not need an independent ground for jurisdiction
3  because they seek intervention for a limited purpose, the motion to intervene is timely, and the
4  Proposed Intervenors' claims share common questions of law and fact with Plaintiffs' claims.

5    This Motion is based on this Notice of Motion and Motion, the attached Memorandum of
6  Points and Authorities, the concurrently filed Declaration of Mike Arias, all other pleadings,
7  papers, documents, and records on file with the Court, and any such other and further arguments
8  and evidence as may properly be presented to the Court before, and at, the hearing on this
9  Motion.

10
11  Dated: March 18, 2019                    ARIAS SANGUINETTI WANG & TORRIJOS, LLP
12
13                                           By: _____
14                                               Mike Arias
                                                 Alfredo Torrijos
15                                           *Attorneys for Proposed Intervenors*
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION AND MOTION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING
PRELIMINARY APPROVAL (CASE NO. 2:18-cv-04258-SVW)**

Mike Arias (CSB #115385)
  mike@aswtlawyers.com
Alfredo Torrijos (CSB #222458)
  alfredo@aswtlawyers.com
ARIAS SANGUINETTI WANG & TORRIJOS, LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Tel: (310) 844-9696
Fax: (310) 861-0168

Attorneys for Proposed Intervenors
Jane Doe 1 (LASC Case No. BC707655) and
Jane Doe 1 (LASC Case No. BC707879)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: USC STUDENT HEALTH CENTER LITIGATION | **CASE NO. 2:18-cv-04258-SVW**<br><br>[Consolidated with Case Nos. 2:18-cv-04940-SVW-GJS, 2:18-cv-05010-SVW-GJS, 2:18-cv-05125-SVW-GJS, and 2:18-cv-06115-SVW-GJS]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING PRELIMINARY APPROVAL**<br><br><u>Hearing</u><br>Date:  April 15, 2019<br>Time: 1:30 p.m.<br>Courtroom:  10a<br>Judge:  Stephen V. Wilson |

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................1

II.   INTERVENTION FOR THE LIMITED PURPOSE OF OPPOSING PRELIMINARY
      APPROVAL IS PERMISSIBLE .............................................................................2

III.  INTERVENTION FOR THE LIMITED PURPOSE OF OPPOSING PRELIMINARY
      APPROVAL IS PARTICULARLY WARRANTED FOR THIS PROPOSED CLASS
      ACTION SETTLEMENT ........................................................................................2

      A.    The Proposed Settlement Fails to Provide Information Vital for Calculating
            the Total Settlement Amount That Will be Made Available to Participating
            Class Members. ...........................................................................................7

      B.    The Proposed Settlement Fails to Provide Any Information Regarding
            Expected Recovery......................................................................................8

      C.    The Proposed Settlement Provides No Guidance on What Criteria Will Be
            Used by the Special Master to Evaluate Claims. .......................................9

      D.    The Proposed Settlement Fails to Provide a Deadline for the Completion of
            the Claims Evaluation by the Special Master............................................10

IV.   RULE 24(A) PROVIDES PROPOSED INTERVENORS WITH THE RIGHT TO
      INTERVENE FOR THE SOLE PURPOSE OF OPPOSING THE MOTION FOR
      PRELIMINARY APPROVAL................................................................................11

V.    IN THE ALTERNATIVE, THE PROPOSED INTERVENORS SHOULD BE
      PERMITTED TO INTERVENE PURSUANT TO RULE 24(B) FOR THE SOLE
      PURPOSE OF OPPOSING THE MOTION FOR PRELIMINARY APPROVAL..........14

VI.   CONCLUSION ....................................................................................................15

i

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE FOR
LIMITED PURPOSE OF OPPOSING PRELIMINARY APPROVAL (CASE NO. 2:18-CV-04258-SVW)**

# TABLE OF AUTHORITIES

## **Cases**

*Arakaki v. Cayetano*
  324 F.3d 1078 (9th Cir. 2003) ......................................................................... 13

*Beckman Indus., Inc. v. International Ins. Co.*
  966 F.2d 470, 472 (9th Cir. 1992) .............................................................. 2, 14

*California v. Tahoe Regional Planning Agency*
  792 F.2d 775 (9th Cir. 1986) ........................................................................ 14

*Cicero v. DirecTV, Inc.*
  2010 WL 11463634 (C.D. Cal. Mar. 2, 2010) ............................................... 3

*Cody v. SoulCycle, Inc.*
  2017 WL 8811114 (C.D. Cal. Sept. 20, 2017) ............................................... 3

*Cotter v. Lyft, Inc.*
  176 F.Supp.3d 930 (N.D. Cal. 2016) .............................................................. 8

*Custom Led, LLC v. eBay, Inc.*
  2013 WL 4552789 (N.D. Cal. Aug. 27, 2013) ................................................ 8

*Freedom from Religion Found., Inc. v. Geithner*
  644 F.3d 836 (9th Cir. 2011) ........................................................................ 14

*Glass v. UBS Fin. Servs., Inc.*
  2007 WL 474936 (N.D. Cal. Jan. 17, 2007) ................................................. 12

*In re Cmty. Bank of N. Va. Mortg. Loan Litig.*
  418 F.3d 277 (3d Cir. 2005) .................................................................... 12, 13

*In re Novatel Wireless Sec. Litig.*
  2014 WL 2858518 (S.D. Cal. June 23, 2014) ................................................. 2

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*
  962 F.Supp. 450 (D.N.J. 1997) ....................................................................... 4

*In re Tableware Antitrust Litig.*
  484 F.Supp.2d 1078 (N.D. Cal. 2007) ............................................................ 8

*In re Wachovia Corp. "Pick-A-Payment" Mortg. Marketing and Sales Practices Litigation*
  2011 WL 1877630 (N.D. Cal. May 17, 2011) ................................................ 3

*In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*
  2016 WL 4376623 (N.D. Cal. Aug. 17, 2016) ................................................ 3

*LG Electronics Inc. v. Q-Lity Computer*
  211 F.R.D. 360 (N.D. Cal. 2002) ................................................................... 2

*Peruta v. City of San Diego*
  824 F.3d 919 (9th Cir. 2016) ........................................................................ 11

— ii —

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE FOR
LIMITED PURPOSE OF OPPOSING PRELIMINARY APPROVAL (CASE NO. 2:18-CV-04258-SVW)**

*Rodriguez v. West Publishing Corp.*
  563 F.3d 948 (9th Cir. 2009) .................................................................... 4

*Ross v. Lockheed Martin Corp.*
  267 F.Supp.3d 174 (D.D.C. 2017) ...................................................... 1, 4, 6

*Sobel v. Hertz Corp.*
  2011 WL 2559565 (D. Nev. June 27, 2011) ........................................... 9

*Trbovich v. United Mine Workers*
  404 U.S. 528 (1972) ............................................................................... 13

*United States v. Alisal Water Corporation*
  370 F.3d 915 (9th Cir. 2004) .................................................................. 12

*United States v. Carpenter*
  298 F.3d 1122 (9th Cir. 2002) ................................................................ 12

*VFD Consulting, Inc. v. 21st Services, LLC*
  2005 WL 1115870 (N.D. Cal. May 11, 2005) ......................................... 2

*Wilderness Soc. v. United States Forest Serv.*
  630 F.3d 1173 (9th Cir. 2011) ................................................................ 11

*Zepeda v. PayPal, Inc.*
  2014 WL 1653246 (N.D. Cal. Apr. 23, 2014) ........................................ 3


**Rules**

Fed. R. Civ. P., 23(b)(3) ............................................................................... 4

Fed. R. Civ. P., 23(c)(2) ............................................................................... 4

Fed. R. Civ. P., 23(d) ................................................................................. 11

Fed. R. Civ. P., 23(e) .................................................................................... 4

Fed. R. Civ. P., 24 ........................................................................................ 2

Fed. R. Civ. P., 24(a) ................................................................................. 11

Fed. R. Civ. P., 24(b) ............................................................................ 14, 15

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE FOR
LIMITED PURPOSE OF OPPOSING PRELIMINARY APPROVAL (CASE NO. 2:18-CV-04258-SVW)**

# I.     INTRODUCTION

If the Court grants Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and to Direct Class Notice (the "Motion for Preliminary Approval") Jane Doe 1, the plaintiff in Los Angeles Superior Court Case No. BC707655, and Jane Doe 1, the plaintiff in Los Angeles Superior Court Case No. BC707879 (collectively, the "Proposed Intervenors") would be faced with choosing between continuing to pursue their claims currently pending in state court or participating in the proposed class action settlement forwarded by Plaintiffs and Interim Class Counsel.  Proposed Intervenors will be forced into making that decision, within 118 days of preliminary approval (see Doc. #67, at 43:4-8), in the absence of vital information. Proposed Intervenors, as well as all other putative class members, should not be put in the position of guessing.  As one court noted in its order denying preliminary approval in a situation like the one here:

> *What is more, it is clear to this Court that no reasonable counsel advising an individual absent class member would encourage his client to agree ex ante to release legal claims that the lawyer has not yet evaluated in exchange for nothing other than the vague hope that a claims official might subsequently do the work of assessing the strength of his client's case and paying a worthy settlement amount.* And yet, that appears to be precisely what Plaintiffs' counsel proposes for the absent class members in the context of the settlement at issue in this case.
>
> *The bottom line is this: a putative class member needs to be able to make an informed determination regarding whether or not to opt out of a class settlement, and this is especially so when the proposed agreement requires him or her to give up potentially viable legal claims in exchange for the promise of a monetary recovery.*

*Ross v. Lockheed Martin Corp.*, 267 F.Supp.3d 174, 203-204 (D.D.C. 2017) (emphasis added).

Telling Proposed Intervenors to wait until *after* preliminary approval to raise their concerns and objections to the proposed settlement is not a solution.  Following preliminary approval, a class member must choose to either object or opt-out of the settlement – she cannot do both.  Requiring Proposed Intervenors to risk taking an unfair settlement in order to find out

---

what the settlement will provide is not justice, it is gambling.  For these reasons and those stated below, Proposed Intervenors request that their Motion to Intervene be granted.

## II.  INTERVENTION FOR THE LIMITED PURPOSE OF OPPOSING PRELIMINARY APPROVAL IS PERMISSIBLE

The Ninth Circuit has expressly held that a non-party seeking to intervene is not required to intervene as a full party to the litigation but may instead intervene for a limited purpose. *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992); see *VFD Consulting, Inc. v. 21st Services, LLC*, No. 04-2161-SBA, 2005 WL 1115870, *3-*5 (N.D. Cal. May 11, 2005) (allowing non-party to intervene solely for the limited purpose of opposing motion for leave to file an amended answer); *LG Electronics Inc. v. Q-Lity Computer*, 211 F.R.D. 360, 366 (N.D. Cal. 2002) (permitting non-party to intervene for limited purpose of opposing plaintiff's motion to amend its patent infringement contentions).   Accordingly, what the Proposed Intervenors seek here – intervention for the limited purpose of opposing preliminary approval of the Proposed Settlement – is entirely permissible.  See *In re Novatel Wireless Sec. Litig.*, No. 08CV1689-AJB-RBB, 2014 WL 2858518, at *2 (S.D. Cal. June 23, 2014) (permitting intervention "solely for the limited purpose of objecting to the Proposed Final Settlement").

## III.  INTERVENTION FOR THE LIMITED PURPOSE OF OPPOSING PRELIMINARY APPROVAL IS PARTICULARLY WARRANTED FOR THIS PROPOSED CLASS ACTION SETTLEMENT

Below, Proposed Intervenors address each of the factors to be considered when a party seeks intervention (either as of right or permissively) pursuant to Rule 24 of the Federal Rules of Civil Procedure.  However, since motions to intervene for the purpose of opposing or objecting to preliminary approval of a class action settlement are usually denied and since the grounds for those denials are usually the same, Proposed Intervenors believe it is prudent to first address why the usual grounds for denying intervention do not apply to this proposed class action

– 2 –

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE FOR
LIMITED PURPOSE OF OPPOSING PRELIMINARY APPROVAL (CASE NO. 2:18-CV-04258-SVW)**

1  settlement.

2       Courts in this district and throughout the Ninth Circuit, frequently deny motions to

3  intervene for the purpose of opposing preliminary approval of a class action settlement on the

4  ground that intervention is not necessary to protect the intervenor's interest since following

5  preliminary approval class members will be able to either object to the settlement or opt-out of

6  the settlement. *Cody v. SoulCycle, Inc.*, No. 15-cv-06457-MWF, 2017 WL 8811114, at *3 (C.D.

7  Cal. Sept. 20, 2017) ("As a putative class member, the Proposed Intervenor has two other

8  options that would protect his interests: (1) voice his concerns prior to final settlement approval

9  and (2) opt out of the Settlement Agreement and continue to litigate his claims separately."); *In*

10 *re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 2672-CRB,

11 2016 WL 4376623, at *1 (N.D. Cal. Aug. 17, 2016) ("[The proposed intervenor] may opt out of

12 the Settlement and litigate his claims independently, or he may instead object to it.  These

13 options adequately protect his interests."); *Zepeda v. PayPal, Inc.*, No. CV-10-02500-SBA,

14 2014 WL 1653246, at *4 (N.D. Cal. Apr. 23, 2014) ("[C]ourts have frequently denied

15 intervention in the class action settlement context, citing concerns about prejudice, as well as

16 putative interveners' ability to protect their interests by less disruptive means, such as opting out

17 of the settlement class or participating in the fairness hearing process."); *Cicero v. DirecTV,*

18 *Inc.*, No. 07-cv-1182-AV, 2010 WL 11463634, at *2 (C.D. Cal. Mar. 2, 2010) (denying motion

19 to intervene because class members had "the right to opt out and object before final approval").

20 The right to either opt-out or object to a settlement are protections only to the extent class

21 members can make an informed decision.  If the Court preliminary approves the proposed

22 settlement, Proposed Intervenors would be forced to make to a decision in the absence of vital

23 information.

24      Following preliminary approval, a putative member of the settlement class may either

25 object to the proposed settlement or opt-out – she cannot, however, do both. *In re Wachovia*

26 *Corp. "Pick-A-Payment" Mortg. Marketing and Sales Practices Litigation*, No. 09-md-02015-

27 JF, 2011 WL 1877630, *4 n.3 (N.D. Cal. May 17, 2011) ("Class members who opt out lack

28 standing to object to a settlement.").  Indeed, the proposed notice to the class here specifically

– 3 –

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING PRELIMINARY APPROVAL (CASE NO. 2:18-CV-04258-SVW)**

advises class members that: "By excluding yourself from the settlement, you are telling the Court that you do not want to participate in the settlement. For that reason, you will not be eligible to receive any benefits from the settlement and you will not be able to object to it, as it will no longer apply to you or bind you." [Doc. #67-3 (Keough Decl.), p. 71.]   In short, following preliminary approval, the Proposed Intervenors – like every absent class member – will have to decide whether they will (i) participate in the settlement; (ii) object to the settlement (with the knowledge that if the settlement is approved despite their objections, they will be bound by the settlement); or (iii) opt-out of the settlement and continue to pursue their claims in state court.   While every class member in every proposed class action settlement is ultimately faced with the same decision, rarely are class members required to make their decision with such little information.

Class notice should contain sufficient information to enable class members to make informed decisions on whether they should take steps to protect their rights, including objecting to the settlement or, when relevant, opting out of the class. *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 962-963 (9th Cir. 2009); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F.Supp. 450, 526 (D.N.J. 1997) (stating that, if class is certified under Rule 23(b)(3) at the same time that a settlement is reached, as is the case here, notice must comport with both Rule 23(c)(2)(B)'s certification notice requirements (which require specific content) and Rule 23(e)'s settlement notice requirement (which only requires the court to "direct notice in a reasonable manner")).   The information provided with the proposed settlement here comes nowhere near to meeting this fundamental standard.

The dearth of information provided to putative class members as part of the proposed settlement at issue here is similar to the situation presented to the court in *Ross v. Lockheed Martin Corp.*, 267 F.Supp.3d 174 (D.D.C. 2017).   In *Ross*, the court addressed whether to grant preliminary class certification and preliminary approval of a settlement agreement for a proposed class encompassing current and former African-American employees who received a less-than-perfect performance evaluation on at least one occasion during a three-year period. *Id*. at 178-179. The court denied the motion for preliminary, finding that the plaintiffs failed to

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING PRELIMINARY APPROVAL (CASE NO. 2:18-CV-04258-SVW)**

"demonstrate that the commonality prerequisite for Rule 23 class certification can be adequately established[.]" *Id*.  In addition, the court held that preliminary approval was not warranted in light of several "fairness-related red-flags" including "a dearth of crucial information about the potential expected recovery in relation to the claims being released, as is required for adequate assessment of each putative class member's individual settlement position." *Id*. at 180.  As to this latter point, the court explained:

> This Court is also quite concerned about the miniscule amount of information that an absent class member will have about (1) the legal claims that are implicated in the settlement process, and (2) his or her anticipated recovery, at the time the opt-out decision is made. See *Manual for Complex Litigation* § 21 (listing "the fairness and reasonableness of the procedure for processing individual claims under the settlement" as a relevant factor under Rule 23(e)).  ***That is, for all its detail, the class notice provides no sense of what the minimum recovery is likely to be; no sense of what the average recovery is likely to be; and no sense of how giving particular answers on the claim form will likely influence the amount of a class member's recovery.***  Plaintiffs' counsel explains that none of this information is discernable until the Claims Administrator reviews all of the claim forms and develops information regarding the number and type of race discrimination claims that may exist throughout the class. [Citation.] But that is exactly the defect that makes this settlement so potentially damaging to the absent class members – if they had been participants in this litigation from the start, Plaintiffs' counsel would have already investigated their discrimination allegations and would be in a position to provide them with critical information about the estimated value of the claims that the Settlement Agreement releases.  As things currently stand, this Court has no idea how Plaintiffs' counsel could possibly have determined that the amount that Lockheed is offering to settle this case is sufficient to redress the legal claims of the class members without having already gathered information regarding the universe of claims at issue.  And of course, if Plaintiffs' counsel does have some knowledge of, and projections about, the scope of the absentee class members' discrimination claims, then the value of those claims can be estimated, at least in general terms, and this recovery-related information should be provided to the class as part of the notice.  ***What is more, it is clear to this Court that no reasonable counsel advising an individual absent class member would encourage his client to agree ex ante to release legal claims that the lawyer has***

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING PRELIMINARY APPROVAL (CASE NO. 2:18-CV-04258-SVW)**

***not yet evaluated in exchange for nothing other than the vague hope that a claims official might subsequently do the work of assessing the strength of his client's case and paying a worthy settlement amount.*** And yet, that appears to be precisely what Plaintiffs' counsel proposes for the absent class members in the context of the settlement at issue in this case.

***The bottom line is this: a putative class member needs to be able to make an informed determination regarding whether or not to opt out of a class settlement, and this is especially so when the proposed agreement requires him or her to give up potentially viable legal claims in exchange for the promise of a monetary recovery.*** Ordinarily, and ideally, when faced with such a choice, the class member would want to know how much the claims he is releasing are likely to be worth, so that this figure can be compared to the amount being offered in settlement of those claims. In the typical case involving a settlement class, this math is easily done, because the claims in the complaint are all that is at issue, and class counsel presents a settlement agreement with a negotiated amount that relates in some discernable way to the legal claims that will be released. [Citations.] But even if the overall value of the released claims is uncertain, at a minimum, any informed opt-out determination requires information regarding the estimated amount that a class member would be expected to receive if she participates, and it is no answer to say, as Plaintiffs do here, that 'an estimate is not possible because we do not yet know the scope of the claims being released.' [Citation.]  Far from curing the problem, the fact that Plaintiffs themselves purport to have not yet fully evaluated the claims that class members are relinquishing in this action underscores the fundamental fairness issues described above, and suggests that, rather than doing what is necessary to ensure that all class members' rights are protected and advanced, Plaintiffs have opted to bind their fellow class members indiscriminately and rely on a claims administrator to do the heavy lifting of sorting it all out on the back end.

*Ross*, 267 F.Supp.3d 203-204 (emphasis added; citations omitted).

Just like in *Ross*, granting preliminary approval here will necessarily force the  Proposed Intervenors and every other absent class member to make a choice between staying in the settlement or opting-out with (i) no idea of the total settlement amount that will be made available to class members, (ii) no idea how that unknown settlement amount compares to the expected potential recovery that the class could obtain at trial, (iii) no idea what criteria will be

– 6 –

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING PRELIMINARY APPROVAL (CASE NO. 2:18-CV-04258-SVW)**

1  used to evaluate how much a class member will receive, and (iv) no idea when she will be paid

2  the settlement share allocated to her.  Proposed Intervenors should not be put in the position of

3  having to make a choice about their claims in the absence of such fundamental information.

4        *A.*    **The Proposed Settlement Fails to Provide Information Vital for**

5              **Calculating the Total Settlement Amount That Will be Made Available to**

6              **Participating Class Members.**

7        Pursuant to the proposed settlement, the Settlement Amount of $215 million will be used

8  to pay the following: "(a) Administrative Expenses; (b) Taxes; (c) distributions to Claimants as

9  provided herein and in the Claim Procedures; and (d) any service awards that the Court may

10  award to the Class Representatives." [Doc. #67-2 ("Settlement Agreement"), at § 5.1.]  The

11  "Administrative Expenses" to be paid from the Settlement Amount, includes: "the cost of the

12  notice program relating to this Settlement and the costs of administering and processing of

13  claims, disbursements of consideration and other necessary and reasonable expenses associated

14  with administering this Settlement, including the compensation of the Special Master, those

15  working for the Special Master, and the Independent Monitor, and including any costs and

16  expenses related to lien resolution services." [Doc. #67-1, at § 2.2.]  In summary, the amount

17  that will actually be made available to pay absent class members (i.e., the "distributions to

18  Claimants") is ***not*** $215 million, but instead is $215 million ***less***:

19          -  the costs of providing notice;

20          -  the costs of administering and processing claims, disbursements of

21            consideration and other necessary and reasonable expenses associated with

22            administering this Settlement;

23          -  the costs of Special Master, including those working for the Special Master;[1]

24  

25  [1]  Per the Settlement Agreement, "'Special Master' means the individual selected by the Parties, subject to Court approval, to administer and adjudicate the Claims Process set forth in Section 6.5 and to

26  serve as the Special Master as set forth in Section 7." [Doc. #67-2, at § 2.44.]  "Special Master's Team" means any psychologists, psychiatrists, PTSD experts, or other experts or trained specialists or

27  administrative personnel retained by the Special Master to assist in conducting interviews and evaluating Claim Forms and evidence under the Special Master's supervision. The Special Master's team shall

28  include at least one board certified OB/GYN, a forensic psychologist, and include at least one woman." [Doc. #67-2, § 2.45.]

1          -    the costs of the Independent Monitor;[2]

2          -    the costs and expenses related to lien resolution services;

3          -    taxes; and

4          -    service awards to the Class Representatives.

5          Incredibly, Plaintiffs fail to provide the Court – never mind class members – with even

6    estimates for any of the above costs.   More incredible still is the fact that the Settlement

7    Agreement (with the exception of Class Representative service awards) does not contemplate

8    that Plaintiffs will even have to seek Court approval for the payment of any of the above

9    expenses.   For example, with regard to the fees and costs paid the Special Master and the

10   Special Master Team, the Settlement agreement merely states: "The fees and costs of the Special

11   Master are part of the Administrative Expenses and will be paid out of the Settlement Fund.

12   Class Counsel shall negotiate such fees and monitor expenditures and payments **will be reported**

13   as directed by the Court." [Doc. #67-2, at § 7.4 (emphasis added).]

14        **B.    The Proposed Settlement Fails to Provide Any Information Regarding**

15             **Expected Recovery.**

16        At the preliminary approval stage, courts examine whether the proposed settlement "falls

17   within the range of possible approval" or "within the range of reasonableness." *In re Tableware*

18   *Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007). "In determining whether the

19   proposed settlement falls within the range of reasonableness, perhaps the most important factor

20   to consider is plaintiffs' expected recovery balanced against the value of the settlement offer."

21   *Cotter v. Lyft, Inc.*, 176 F.Supp.3d 930, 935 (N.D. Cal. 2016) (internal quotations omitted); see

22   also, *Custom Led, LLC v. eBay, Inc.*, No. 12-cv-00350-JST, 2013 WL 4552789, *9 (N.D. Cal.

23   Aug. 27, 2013) (denying preliminary approval because, inter alia, the parties "provided the

24   Court with no information as to the class members' potential range of recovery"); *Sobel v. Hertz*

25

26   _____

27   [2]   Per the Settlement Agreement, "'Independent Monitor' means an individual agreed upon by the Parties who is not affiliated with USC, who has appropriate experience and expertise to ensure compliance with the Equitable Relief Agreement, and who, subject to Court approval, will be appointed
28   to monitor and ensure implementation of the Equitable Relief." [Doc. #67-2, at § 2.22.]

1   *Corp.*, No. 06-cv-00545-LRH, 2011 WL 2559565, *10 (D. Nev. June 27, 2011) (finding the

2   court could not "even begin th[e] inquiry" where "the parties ha[d] failed to provide … evidence

3   of … the total amount of … fees that were charged to the class members, let alone potential

4   ranges of recovery and the chances of obtaining it").

5        Here, Interim Class Counsel do not even attempt to provide an estimate of the expected

6   class recovery.  The reason for their failure is understandable, since (as the use of a Special

7   Master for the claims process as delineated in Settlement Agreement demonstrates) determining

8   the amount of damages at issue requires that class members be interviewed to ascertain their

9   experiences and injuries; at the very least, an estimate of expected recovery for the class would

10  require some form of statistical sampling of absent class members to determine the prevalence

11  and extent of injuries.  Since Interim Class Counsel have not done this, they must necessarily be

12  guessing as to whether the $215 million (less the costs noted above) provided by the proposed

13  settlement is or is not fair, reasonable and adequate.  With their preliminary approval, Interim

14  Class Counsel are inviting the Court to make the same guess.  The Court should reject the

15  invitation and shield the Proposed Intervenors – as well as all other absent class members – from

16  having to decide whether or not to opt-out based on a guess.

17  **C.    The Proposed Settlement Provides No Guidance on What Criteria Will Be**

18  **Used by the Special Master to Evaluate Claims.**

19       The settlement outlines a tier-based claim and award system, explaining that every class

20  member is eligible for Tier 1 awards, that Tier 2 awards require submission of a "Tier 2 Claim

21  Form" and that Tier 3 awards require submission of "Tier 3 Claim Form" and participation in an

22  interview. [Doc. #67-2, at § 6.5.] Beyond these general descriptions, however and the claim

23  forms submitted with the Keough Declaration (Doc. #67-3), no information is provided

24  regarding the criteria that will be used to for determining the amounts awarded for those who

25  submit Tier 2 Claim Forms and/or Tier 3 Claim Forms.  Instead, the Settlement Agreement

26  provides that:

27       -   "In consultation with the Special Master and her team, the Parties shall jointly

28           develop the protocols for interviews or other oral or written direct contact with

– 9 –

Settlement Class members relating to Tier 2 and Tier 3 claims." [Doc. #67-2, at § 7.1];

- "Class Counsel will retain one or more experts to make a presentation to the Special Master, or to prepare one or more reports to be presented by Class Counsel to the Special Master, concerning acceptable conduct or medical standards of care applicable during the Class Period. The Special Master may submit questions to and receive further information from the expert(s) retained by Class Counsel." [Doc. #67-2, at § 7.2]; and

- "The Special Master may consult with other experts independently, but is required to disclose their identities and any information, determinations, or conclusions (and the bases therefor) received from such independent experts upon which the Special Master intends to rely. Class Counsel will then have a reasonable period to respond or provide additional information if necessary." [Doc. #67-2, at § 7.3.]

While the Settlement Agreement includes provisions for keeping Defendants' insurers apprised (see, Doc. #67-2, at § 7.3), there is no mechanism for informing absent class members of the criteria to be used by the Special Master for determining amounts awarded to those who submit Tier 2 and/or Tier 3 Claim Forms.  Not only does the lack of such information prevent Proposed Intervenors and other absent class members from evaluating their own claims, it also precludes them from evaluating the likelihood that Tier 2 and Tier 3 claims will have to be reduced on a pro-rata basis.  This risk is a very real one in light of a purported class size of 14,000 to 17,000 women. [Doc. #67 ("Motion for Preliminary Approval"), at 32:7-8.]

**D.    The Proposed Settlement Fails to Provide a Deadline for the Completion of the Claims Evaluation by the Special Master.**

One would expect that a proposed settlement – which is partially justified on the grounds of "immediacy and certainty" [Doc. #67, at 3:20-22] – would impose a deadline for the evaluation of claims by the Special Master.  While the Settlement Agreement provides a deadline for the submission of Claim Forms (which at 120 days after the Notice Date is before

the deadline for objecting or opting-out of the settlement), it provides no deadline for the evaluation of claims by the Special Master.  Absent such a deadline, Proposed Intervenors are left to guess as to when they may receive any payments for their Tier 2 and/or Tier 3 claims.

## IV.  RULE 24(A) PROVIDES PROPOSED INTERVENORS WITH THE RIGHT TO INTERVENE FOR THE SOLE PURPOSE OF OPPOSING THE MOTION FOR PRELIMINARY APPROVAL

A court may allow absent class members "to intervene and present claims or defenses, or to otherwise come into the action[.]" Fed. R. Civ. P. 23(d)(B)(iii).  Pursuant to Rule 24, intervention as a matter of right exists where (i) a federal statute gives the movant an unconditional right to intervene, or (ii) the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).  To prevail on a motion for intervention of right, the movant must demonstrate

> (1) it has a significant protectable interest relating to the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent its interest.

*Peruta v. City of San Diego*, 824 F.3d 919, 940 (9th Cir. 2016).  On a motion to intervene, courts are directed to "follow practical and equitable considerations and construe the Rule broadly in favor of proposed intervenors." *Wilderness Soc. v. United States Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (internal quotation marks and citation omitted).

Each of the factors for intervention are satisfied here:

First, because Proposed Intervenors are members of the proposed settlement class, they have a significant protectable interest in the preliminary approval of the proposed class action settlement. *Glass v. UBS Fin. Servs., Inc.*, No. 06-4068-MMC, 2007 WL 474936, at *2 (N.D.

– 11 –

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING PRELIMINARY APPROVAL (CASE NO. 2:18-CV-04258-SVW)**

Cal. Jan. 17, 2007), aff'd, 331 Fed.Appx. 452 (9th Cir. 2009) ("As [the putative intervenor] is a member of the... class, he has a significant protectable interest relating to the subject of the instant action." (citing *In re Cmty. Bank of N. Va. Mortg. Loan Litig.*, 418 F.3d 277, 314 (3d Cir. 2005)); *Cohorst v. BRE Props., Inc.*, No. 10-cv-2666-JM, 2011 WL 3489781, at *4 (S.D. Cal. July 19, 2011), report and recommendation adopted, 2011 WL 3475274 (S.D. Cal. Aug. 5, 2011) ("[S]ince [the putative intervenor] is a class member there is no dispute that she has a significant protectable interest relating to the property or transaction that is the subject of this action. As a class member she has a clear relationship between her claims and those of the class.").

Second, granting of preliminary approval of the proposed settlement will, as a practical matter, impair or impeded Proposed Intervenors' ability to protect their interest.  Granting preliminary approval would force the Proposed Intervenors to determine whether they should opt-out of the settlement (thereby precluding them from filing an objection prior to final approval) or participating in the settlement (thereby precluding them from pursuing their claims in state court).  As set forth in detail above, it is improper to foist this decision on the Proposed Intervenors in light of the dearth of information provided by Interim Class Counsel in support of the proposed settlement and given the early stage at which the proposed settlement was reached.  As such, granting preliminary approval would fundamentally undermine the Proposed Intervenors' ability to protect their interest.

Third, the motion to intervene is timely.  Timeliness "is a flexible concept"; "[a]lthough delay can strongly weigh against intervention, the mere lapse of time, without more, is not necessarily a bar to intervention." *United States v. Alisal Water Corporation*, 370 F.3d 915, 921 (9th Cir. 2004).  In determining whether a motion to intervene is timely, courts consider: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to the other parties; and (3) the reason for and length of the delay." *Id*. Where a proposed intervenor seeks to intervene for purposes of objecting to a proposed settlement, timeliness is measured from the date the proposed intervenor received notice that the proposed settlement was contrary to its interest. *United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002) (finding motion

– 12 –

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE FOR
LIMITED PURPOSE OF OPPOSING PRELIMINARY APPROVAL (CASE NO. 2:18-CV-04258-SVW)**

to intervene timely where proposed intervenors "acted as soon as they had notice that the proposed settlement was contrary to their interests"); *In re Community Bank of North Virginia Mortgage Loan Litigation*, 418 F.3d 277, 314 (3d Cir. 2005) (finding motion to intervene "presumptively timely" where filed before deadline to opt out of class settlement).

Here, the case is at the early stage of proceedings: (i) the complaint initiating this action was filed on May 21, 2018 – just 301 days ago [Doc. #1 ("Class Action Complaint")]; (ii) the current consolidated class action complaint was filed on August 28, 2018 – just 202 days ago [Doc. #47 ("Consolidated Class Action Complaint")]; (iii) defendants have not answered or otherwise responded to the current complaint (or any complaint for that matter) [Doc. #61 ("Joint Stipulation to Extend Time to Respond to Consolidated Class Action Complaint"), at 4:4-6 (stipulating to stay Defendants' response until the Court rules on anticipated motion for preliminary settlement approval)]; and (iv) the Court has not held an initial scheduling conference and no formal discovery has taken place.  Likewise, intervention will not result in any prejudice to the parties since the Proposed Intervenors seek intervention solely for the purpose of opposing preliminary approval.  Finally, the two month delay – from February 12, 2019 (when the settlement agreement and motion or preliminary approval were filed) to today – is justified by the fact that Proposed Intervenors undertook to coordinate efforts among the numerous counsel for the plaintiffs who have claims pending in state court so as to present their concerns to the Court efficiently.

<u>Fourth</u>, the "minimal" showing of inadequate representation necessary to justify intervention is satisfied.   "The burden on proposed intervenors in showing inadequate representations is minimal, and would be satisfied if they could demonstrate that representation of their interests 'may be' inadequate." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). The Ninth Circuit directs court to consider three factors when determining the adequacy of representation for purposes of intervention: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable [of] and willing to make such arguments; and (3) whether a proposed intervenor would

– 13 –

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING PRELIMINARY APPROVAL (CASE NO. 2:18-CV-04258-SVW)**

1   offer any necessary elements to the proceeding that other parties would neglect." *California v.*
2   *Tahoe Regional Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986).

3   Here, the minimal showing of inadequate representation is satisfied since – by definition
4   – neither Interim Class Counsel, Plaintiffs, nor Defendants have made or are willing to make the
5   arguments forwarded by Proposed Intervenors.  Further, this is not a case where the Proposed
6   Intervenors are solely expressing their disagreement over the merits of the settlement.  Here, as
7   set forth above, the Proposed Intervenors are asserting that – given the dearth of information
8   presented by Interim Class Counsel regarding the proposed settlement – preliminary approval
9   cannot be granted because doing so would require absent class members to choose whether to
10  opt-out of the settlement without having much of the information necessary for that decision.
11  As such, this is not a disagreement about litigation strategy.

12

13  **V.    IN THE ALTERNATIVE, THE PROPOSED INTERVENORS SHOULD BE**
14  **PERMITTED TO INTERVENE PURSUANT TO RULE 24(B) FOR THE SOLE**
15  **PURPOSE OF OPPOSING THE MOTION FOR PRELIMINARY APPROVAL**

16  Rule 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene
17  who . . . has a claim or defense that shares with the main action a common question of law or
18  fact." Fed. R. Civ. P. 24(b)(1).  A court has discretion to permit intervention pursuant to Rule
19  24(b) when a movant presents: "'(1) an independent ground for jurisdiction; (2) a timely motion;
20  and (3) a common question of law and fact between the movant's claim or defense and the main
21  action.'" *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011)
22  (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)). These three
23  requirements are met here.

24  First, the independent jurisdictional basis requirement is not imposed where, as here,
25  Intervenors do not wish to litigate any of their claims on the merits. *Freedom from Religion*
26  *Foundation*, 644 F.3d at 844 ("the independent jurisdictional grounds requirement does not
27  apply to proposed intervenors in federal question cases when the proposed intervenor is not
28  raising new claims."). Second, for the reasons discussed immediately above, this motion is

1   timely.  Third, the commonality requirement is met since the Proposed Intervenors are members

2   of the proposed settlement class.   Accordingly, if the Court does not grant this motion to

3   intervene pursuant to Rule 24(a), permissive intervention should be granted under Rule 24(b).

4

5   **VI.    CONCLUSION**

6          For the reasons set forth above, the Proposed Intervenors respectfully request that the

7   Court grant their motion to intervene for the limited purpose of opposing Plaintiffs' Motion for

8   Preliminary Approval of Class Action Settlement and to Direct Class Notice. [Doc. #67.]

9

10  Dated: March 18, 2019                    ARIAS SANGUINETTI WANG & TORRIJOS, LLP

11

12                                           By: _____

13                                               Mike Arias
                                                 Alfredo Torrijos

14                                           *Attorneys for Proposed Intervenors*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE FOR
LIMITED PURPOSE OF OPPOSING PRELIMINARY APPROVAL (CASE NO. 2:18-CV-04258-SVW)**