UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04258-SVW-GJS | Date | May 21, 2019 |
|---|---|---|---|
| Title | *Lucy Chi v. University of Southern California et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

| **Proceedings:** | ORDER GRANTING LOS ANGELES TIMES COMMUNICATIONS LLC'S MOTION TO INTERVENE AND GRANTING IN PART THE TIMES' MOTION TO UNSEAL DOCUMENTS [111] |
|---|---|

   On March 29, 2019, Los Angeles Times Communications LLC ("The Times") filed a motion requesting that the Court permit The Times to intervene in this proceeding and that the Court unseal certain judicial records filed under seal in this action. *See* Dkt. 111. For the reasons set forth below, the Court GRANTS The Times' motion to intervene, and the Court GRANTS IN PART The Times' request to unseal judicial records previously filed under seal in this action.

**I.    Request to Intervene**

   Non-parties, such as The Times and other media entities, have a right to seek permissive intervention in an action pursuant to Federal Rule of Civil Procedure 24(b)(2) with the intention of protecting the public's right to access court records in that action. *See San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1100 (9th Cir. 1999). "A motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." *Id.* (citations omitted).

   To be eligible for permissive intervention, the applicant must show (1) independent grounds for jurisdiction, (2) that the motion to intervene is timely, and (3) that the applicant's claim or defense shares a common question of fact or law with the main action. *Id.* (quoting *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1307-08 (9th Cir. 1997)). However, where an applicant does not intend to become a party to the action and instead challenges a protective order or other court order

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04258-SVW-GJS | Date | May 21, 2019 |
|---|---|---|---|
| Title | *Lucy Chi v. University of Southern California et al.* | | |

protecting certain information from public disclosure, the applicant does not need to establish the independent jurisdictional basis or common question of fact or law requirements for permissive intervention. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473-74 (9th Cir. 1992).

As to timeliness, courts must consider three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *San Jose Mercury*, 187 F.3d at 1100-01 (internal quotation marks and citation omitted). When evaluating the length of delay, the appropriate inquiry is the time at which the applicant "first became aware that its interests would not longer be adequately protected by the parties." *Id.* at 1101 (citation omitted).

The Times has satisfied the requirements for permissive intervention. Namely, The Times' motion to intervene was timely, in that it was filed three days after the Court's Order granting Plaintiffs' application to file documents under seal. *See* Dkt. 107. Because the other two requirements are not applicable when a newspaper seeks intervention for public access to court filings, the Court finds the requirements of permissive intervention to be met here.

Even where the requirements for permissive intervention are otherwise satisfied, a court retains the discretion to deny intervention if it would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Defendants University of Southern California and the Board of Trustees of the University of Southern California (together, "USC") argue that the parties would be prejudiced by intervention because The Times seeks to unseal every document in the case, including all documents filed moving forward. The Court agrees that such a request is overbroad; the appropriate focus of a motion to unseal records is the particular documents sought for public disclosure, as opposed to a blanket order precluding any documents from being filed under seal. *See, e.g.*, *United States v. Lexin*, 434 F. Supp. 2d 836, 846 (S.D. Cal. 2006) (rejecting a media entity's request for access to "all court records" as overbroad but allowing intervention for the purpose of accessing criminal court records on behalf of the public).

Thus, the Court DENIES The Times' requests that the Court require all events and judicial records be publicly docketed, and that the Court ensure the entirety of this proceeding is open to the public, because it is necessary to assess all future filings sought to be made under seal on an individual basis to determine whether the public's right to access those documents outweighs any competing interests. Nevertheless, The Times references specific documents it wishes the Court to unseal, so USC

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04258-SVW-GJS | Date | May 21, 2019 |
|---|---|---|---|
| Title | *Lucy Chi v. University of Southern California et al.* | | |

would not be prejudiced by The Times' intervention for the specific purpose of unsealing those documents.

USC also vaguely claims that the inability to file any documents under seal poses a risk to the parties' efforts to maintain the confidentiality of sensitive information pertaining to former patients of Dr. George Tyndall. The Court agrees that the confidentiality of patient information is of the utmost importance in this case, but The Times has not indicated that it seeks to unseal any such information in connection with its motion to intervene. *See* Dkt. 111 at 3 n. 1 (noting that The Times would not publish the names of any victims without their permission).[1] Therefore, the Court sees no prejudice to any party, including Plaintiffs, by allowing The Times to intervene and assert its right to access sealed court documents on behalf of the public. And, to the extent that USC argues that the parties may be prejudiced because the confidentiality of any documents exchanged in mediation was a bargained-for expectation of the parties as part of the prior settlement agreement, and that the disclosure of such information may put the parties' proposed settlement negotiations at risk, "[t]he right of access to court documents belongs to the public, and the Plaintiffs were in no position to bargain that right away." *San Jose Mercury*, 187 F.3d at 1101.

For these reasons, the Court GRANTS The Times' motion to intervene under Rule 24(b). The Court will proceed to analyze the merits of The Times' request to unseal court records.

**II.     Request to Unseal Records**

The Times seeks to unseal various sealed documents on the docket for this case pursuant to the public's qualified right of access to judicial records, under both the federal common law and the First Amendment. Under the doctrine of constitutional avoidance, the Court will first analyze the common law right of access to determine if this doctrine prohibits unsealing of any sealed documents, which would eliminate the need to decide the constitutional issue. *See California ex rel. Lockyer v. Safeway, Inc.*, 355 F. Supp. 2d 1111, 1114 (C.D. Cal. 2005) ("*Lockyer*") (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 n. 6 (9th Cir. 1995)).

---

[1]     Regardless, as further explained below, redacting the names of patients as they appear in the sealed documents would also be an alternative to closure of the judicial records in their entirety, an alternative which is supported by compelling reasons and is properly considered as part of the analysis of The Times' substantive motion to unseal the records. Thus, USC's position that unsealing records in this case would affirmatively require the public disclosure of patient names is incorrect.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04258-SVW-GJS | Date | May 21, 2019 |
|---|---|---|---|
| Title | *Lucy Chi v. University of Southern California et al.* | | |

    **A.**    **Federal Common Law Right of Access**

       1.    *Standards of Review*

    Courts have long recognized, under federal common law, the public's "general right to inspect and copy public records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, this right to inspect and copy judicial records "is not absolute." *Id.* at 598. There is no common law right of access to "documents which have traditionally been kept secret for important policy reasons." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). Accordingly, the common law right of access does not extend to judicial records "when there is neither a history of access nor an important public need justifying access." *Id.*

    If a judicial record is not one traditionally kept secret, there is a "strong presumption in favor of access" that applies to the record. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this "strong presumption," a party seeking to seal a judicial record has the burden to "articulate compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (internal alterations, quotation marks, and citations omitted). Then, the court must "conscientiously balance" the competing interests between the public and the party seeking to seal judicial records, with the court's ultimate decision premised upon a compelling reason with a supporting factual basis, "without relying on hypothesis or conjecture." *Id.* at 1179 (internal quotation marks and citations omitted). This "compelling reasons" standard applies even to motions or attachments that were previously filed under seal or pursuant to a protective order. *Id.* (citation omitted).

    The Ninth Circuit has consistently applied an exception to the presumption of access to judicial records. Unlike the typical "compelling reasons" standard identified above, courts apply a relaxed "good cause" standard to "a sealed discovery document [attached] to a nondispositive motion." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). The Ninth Circuit explained that good reasons exist to distinguish between dispositive and non-dispositive motions, because the public's interest in accessing sealed documents attached to non-dispositive motions is diminished since those documents are "often unrelated, or only tangentially related, to the underlying cause of action" at issue in the litigation. *Kamakana*, 447 F.3d at 1179 (internal quotation marks omitted" (quoting *Foltz*, 331 F.3d at 1135). Thus, "[t]he public policies that support the right of access to dispositive motions,

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04258-SVW-GJS | Date | May 21, 2019 |
|---|---|---|---|
| Title | *Lucy Chi v. University of Southern California et al.* | | |

and related materials, do not apply with equal force to non-dispositive materials." *Id.* (citing *Phillips*, 307 F.3d at 1213). Accordingly, where a party seeks to unseal discovery material attached to non-dispositive motions, the party seeking to keep those documents under seal need only make a "particularized showing" of the good cause standard found in Federal Rule of Civil Procedure 26(c) in order to keep those records sealed. *Id.* at 1180 (internal quotation marks omitted) (citing *Foltz*, 331 F.3d at 1135, 1138); *see also* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .").

Based on the above, whether the "compelling reasons" standard or the "good cause standard" applies to a given judicial record depends on whether the motion to which the document is related is "dispositive." However, the determination of whether a motion is dispositive is not always clear. The Ninth Circuit has rejected the notion that the "compelling reasons" test only applies to motions that are "literally dispositive," refusing to limit the application to only motions to dismiss or for judgment on the pleadings, motions for summary judgment, or the like. *See Ctr. for Auto Safety v. Chryslar Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016), *cert. denied sub nom.*, *FCA U.S. LLC v. Ctr. for Auto Safety*, ––– U.S. –––, 137 S. Ct. 38 (2016). In moving a way from a "binary" or "mechanical" approach for determining whether a motion is dispositive, the Ninth Circuit emphasized that most litigation activity is a pending case is not literally dispositive "but nevertheless involves important issues and information to which our case law demands the public should have access." *Id.* A wider scope of the meaning of "dispositive" would effectuate the purpose of "ensuring the public's understanding of the judicial process and of significant public events." *Id.* (internal quotation marks omitted) (quoting *Kamakana*, 447 F.3d at 1179). Therefore, the proper inquiry into whether a motion is "dispositive" is "whether the motion at issue is more than tangentially related to the underlying cause of action." *Id.* at 1099 (citations omitted).

Here, The Times requests that the Court unseal Exhibits 1-3 and 5-7 to the Declaration of Steve W. Berman, Dkt. 95-4, as well as the redacted portions of Plaintiffs' opposition to prior motions to intervene filed by class members wishing to object to the parties' proposed settlement, Dkt. 95-3. These documents have since been filed under seal on the docket. *See* Dkt. 96 (unredacted opposition to the motions to intervene); Dkt. 96-1 (unredacted Berman declaration and attached unredacted exhibits).[2]

---

[2]   Other documents filed under seal in this case include: (1) a declaration containing a list of identities of some of Dr. Tyndall's former patients, filed in support of a proposed intervenor's motion to intervene in order to object to the motion for preliminary approval of a class action settlement, see Dkt. 84-2; and (2) the settlement opt-out threshold number, submitted

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04258-SVW-GJS | Date | May 21, 2019 |
|---|---|---|---|
| Title | *Lucy Chi v. University of Southern California et al.* | | |

The parties vigorously contest whether these sealed documents were filed in conjunction with a "dispositive" motion. USC cites to several cases where the court held that a motion to intervene is not dispositive, and that therefore the good cause standard applies. *See, e.g.*, *Brunson v. Lambert Firm PLC*, 757 F. App'x 563, 566-67 (9th Cir. 2018) (affirming the district court's denial of a motion to unseal the court's order ruling on a post-settlement motion to intervene, which was "at most 'tangentially related to the underlying cause of action'") (quoting *Ctr. for Auto Safety*, 809 F.3d at 1099); *Zurich Am. Ins. Co. v. ACE Am. Ins. Co.*, No. CIV S–11–0881 KJM–DAD, 2012 WL 3638467, at *3 (E.D. Cal. Aug. 21, 2012) (finding a motion to intervene for the sole purpose of requesting that the court seal documents on the record to be non-dispositive and therefore applying the "good cause" standard to the motion to seal briefs and attached documents submitted in relation to the motion to intervene); *Sawyer v. Bill Me Later, Inc.*, No. CV 10–04461 SJO (JCGx), 2011 WL 13217237, at *2 (C.D. Cal. June 22, 2011) (ruling that an underlying motion to intervene as a defendant is non-dispositive and denying the intervenor's application to file documents supporting the motion to intervene under seal for the failure to establish "good cause" for filing under seal).

     None of USC's cited cases, however, address the situation at hand, which is a motion to unseal briefs and supporting documents filed in connection with a motion to intervene for the purpose of objecting to a motion for preliminary approval of a class-action settlement. Such a motion to intervene is more directly linked to the underlying causes of action, and the parties' efforts to resolve those causes of action, making the instant motion to intervene distinguishable from the cases USC cites. Even though the Court denied the motions to intervene without a written Order, the arguments raised in the motions to intervene directly challenged the validity of the parties' class-action settlement, which would have disposed of the underlying causes of action entirely. The proposed intervenors did not seek intervention merely to assert their tangential interests in the manner in which the proceedings were to be conducted, but instead raised substantive concerns about the fairness of the parties' preliminary settlement agreement. Thus, the Court views the motions to intervene at issue, filed in reference to a substantive motion for preliminary approval of a class-action settlement, as a dispositive motion under applicable precedent rather than a "tangential" motion unrelated to the resolution of the underlying causes of action. *See, e.g.*, *Friedman v. Guthy-Renker, LLC*, No. 2:14-cv-06009-ODW(AGRx), 2016 WL 5402170, at *1 (C.D. Cal. Sept. 26, 2016) (applying the "good cause" standard to a request to file an opt-out threshold under seal in connection with a motion for preliminary approval of a class-action

---

for in camera review, see Dkt. 110. The Times does not cite to these documents in its motion and has affirmatively acknowledged that it does not object to maintaining the opt-out threshold under seal. *See* Dkt. 122 at 11 n. 4. Therefore, the Court will not analyze whether those documents should be unsealed under the standards set forth in this Order.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04258-SVW-GJS | Date | May 21, 2019 |
|---|---|---|---|
| Title | *Lucy Chi v. University of Southern California et al.* | | |

settlement because "[t]he settlement of a claim obviously has more than a tangential relationship to the claim, and in the class action context, the granting of a motion for preliminary approval is necessary to effectuate that settlement") (citations omitted); *Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 WL 4207245, at *7 (N.D. Cal. Sept. 4, 2018) (noting that "[p]reliminary approval of a settlement is an issue more than tangentially related to the merits of the case, and therefore the 'compelling reasons' standard applies" to a request to file a settlement opt-out threshold under seal); *Kiersey v. eBay, Inc.*, No. 12–cv–01200–JST, 2013 WL 5609318, at *2 (N.D. Cal. Oct. 11, 2013) ("[A] motion seeking the Court's preliminary approval of the settlement of the case may be effectively dispositive.").

Accordingly, the Court will apply the "compelling reasons" standard to The Times' request to unseal the sealed documents attached to Plaintiffs' opposition to the motions to intervene objecting to the fairness of the parties' proposed settlement agreement.

    2.    *Analysis*

Applying the "compelling reasons" standard here, USC must show "compelling reasons" for why the sealed documents attached to Plaintiffs' opposition to the motions to intervene must remain sealed, which may include documents that have "traditionally been kept secret for important policy reasons," *Times Mirror*, 873 F.2d at 1219, or the potential use of those court files for "improper purposes" such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). What constitutes a "compelling reason" to seal documents is a determination "best left to the sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (internal quotation marks omitted) (quoting *Nixon*, 435 U.S. at 599).

    i.    *Mediation Privilege*

The primary grounds for filing the documents at issue under seal was that USC produced those documents on a confidential basis pursuant to the parties' mediation agreement and under Federal Rule of Evidence 408. *See* Dkt. 120-2 (the "Rule 408 Agreement"). The Court ordered that these documents be filed under seal, finding "good cause" for doing so without articulating a basis for its ruling. *See* Dkt. 107.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04258-SVW-GJS | Date | May 21, 2019 |
|---|---|---|---|
| Title | *Lucy Chi v. University of Southern California et al.* | | |

Rule 408 precludes the admission of certain evidence during compromise negotiations between the parties for the purpose of proving or disproving the validity of a party's claim or for impeachment of prior inconsistent statements. Evidence protected under Rule 408 falls in two broad categories:

> (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

Fed. R. Evid. 408(a).

The documents filed under seal constitute evidence produced by USC during expedited discovery, as ordered by the Court, and the documents contain no evidence of any offers, promises, or other representations made by Plaintiffs or USC during the mediation itself. Therefore, Rule 408(a)(1) does not apply. Furthermore, Rule 408(a)(2) does not appear to protect the information produced during mediation; the documentary evidence does not amount to an affirmative "statement" or other conduct by USC during the mediation or negotiations between the parties. Thus, the documents filed under seal are not those "traditionally kept secret" for any discernible policy reason applicable to typical settlement negotiations. Instead, it is merely the Rule 408 Agreement, a private agreement between the parties, that governs the secrecy of the documents exchanged between the parties during the mediation.

USC's cases that articulate important policy reasons for keeping settlement materials confidential pertain either to settlement *agreements* or other settlement *communications* between the negotiating parties. *See, e.g.*, *Phillips*, 407 F.3d at 1212 (analyzing a district court's denial of a protective order as to the defendant's prior confidential settlement agreements in similar cases and noting that "courts have granted protective orders to protect confidential settlement *agreements*") (emphasis added) (citations omitted); *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003) ("There exists a strong public interest in favor of secrecy of matters discussed by parties during settlement *negotiations*.") (emphasis added); *Cincinnati Gas & Elec. Co. v. Gen. Elec. Co.*, 854 F.2d 900, 905 (6th Cir. 1988) (rejecting a public "right to know" regarding documents in connection with a particular alternative dispute resolution procedure because "the public

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04258-SVW-GJS | Date | May 21, 2019 |
|---|---|---|---|
| Title | *Lucy Chi v. University of Southern California et al.* | | |

would have no entitlement to observe any *negotiations* leading to a traditional settlement of the case . . . and the parties would be under no constitutional obligation to reveal the *content* of the negotiations") (emphasis added); *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1175 (C.D. Cal. 1998) (noting in the context of mediation privilege that "the need for confidentiality and trust between participants in a mediation proceeding is sufficiently imperative to necessitate the creation of some form of privilege"); *Facebook, Inc. v. ConnectU, Inc.*, No. C 07-01389 JW, 2008 WL 11357787, at *3-4 (N.D. Cal. July 2, 2008) (finding that "the terms of the settlement [agreement] and the negotiations preceding it" are documents traditionally kept secret and not subject to disclosure under the federal common law right of access). But these cases say nothing about factual documents produced during informal discovery relied upon during the mediation session, which are inherently not protected from public disclosure for the same important policy reasons.[3] While the parties' communications *about* those documents may be traditionally kept secret, the *documents themselves* are not.[4]

---

[3] The Court acknowledges the seemingly contrary ruling in *In re September11 Litigation*, 723 F. Supp. 2d 526 (S.D.N.Y. 2010), where the court denied a request to disclose to the public confidential documents exchanged in the course of discovery, negotiation, and mediation. *Id.* at 533. The court explained that those confidential documents "are not the type of document to which the public has historically had access nor would public disclosure enhance the function of settlement negotiations." *Id.* By contrast, as further explained below, here the specific documents The Times seek to unseal are discovery documents which the Court ordered to be produced and are not otherwise subject to any tradition of secrecy or confidentiality. And, unlike in *In re September 11 Litigation*, disclosure of the discovery documents filed under seal would "enhance the function of settlement negotiations" in this case, *id.*, as additional relevant information produced in discovery provides class members and the Court with a better assessment of the fairness of any proposed settlement agreement between the parties. Lastly, the court's analysis in *In re September 11 Litigation* was without reference to authority and without additional detail about the nature of the "confidential" documents protected from disclosure. For these reasons, *In re September 11 Litigation* is not persuasive.

[4] USC also relies on California state law, which establishes a mediation privilege that "unqualifiedly bars disclosure of specified communications and writings associated with a mediation." *Rojas v. Superior Court*, 33 Cal. 4th 407, 416 (2004) (internal quotation marks and citation omitted); *see also* Cal. Evid. Code § 1119(a)-(b) (barring the admissibility of "anything said or any admission made," or any "writing . . . prepared for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation"); *id.* § 1119(c) ("All communications, negotiations, or settlement discussions by and between participants in the course of a mediation or a mediation consultation shall remain confidential."). For the same reasons as articulated above, these California provisions do not apply to fact documents exchanged during mediation, which were not "prepared for the purpose of" mediation and do not constitute settlement communications between the parties during mediation. Thus, even if California privilege law applies to this case under Federal Rule of Evidence 501—an issue which USC has not addressed in its briefing—California's mediation privilege is inapplicable to the specific documents The Times seeks to unseal.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04258-SVW-GJS | Date | May 21, 2019 |
|---|---|---|---|
| Title | *Lucy Chi v. University of Southern California et al.* | | |

    Even if the documents filed under seal were subject to a sort of mediation privilege based on the case law cited above, the public's interest in disclosure significantly outweighs any confidentiality concerns pertaining to these particular documents. USC wholly ignores the fact that the Court ordered discovery of those materials independently during the status conference held on August 13, 2018. *See* Dkt. 46 at 16 (the Court stating that documents in USC's possession regarding complaints received by students who were treated by Dr. Tyndall are "obviously relevant to the plaintiffs' case" and that those documents "ought to be turned over expeditiously"); *id.* at 17 (the Court stating that "I want this fact finding to begin forthwith"). USC's opposition to The Times' motion attempts to shield from public disclosure the documents ordered for discovery by the Court simply because Plaintiffs and USC voluntarily agreed to exchange those documents as part of mediation pursuant to the Rule 408 Agreement. The Court is not governed by the Rule 408 Agreement, and neither are members of the public. *See Mendez v. City of Gardena*, 222 F. Supp. 3d 782, 791-92 (C.D. Cal. 2015) ("[T]he parties cannot contractually agree to deprive the public of its strong [common law] interest in accessing these [documents], which were filed in connection with a dispositive motion.").

    As the Ninth Circuit articulated succinctly, "[i]t is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury*, 187 F.3d at 1103 (citations omitted). The Court intended for all documents produced in discovery in this case to be disclosed to the public eventually as part of any settlement agreement between the parties, as is necessary to keep class members informed about the potential merits of their claims and the sufficiency of any settlement agreement resolving those claims.[5] Regardless of how USC and Plaintiffs decided to treat those documents for purposes of mediation, and regardless of the parties' "expectation of confidentiality" during that mediation session, the Court may independently require disclosure of those documents to the public because that the Court already ordered discovery of those documents in this case, absent any additional basis to find that the documents at issue should remain confidential.

    USC argues that the Court's and the public's only concern with a class-action settlement at the preliminary approval phase is the negotiation process between the parties and whether Plaintiffs'

---

[5]     USC argues that the disclosure of the fact that the parties negotiated through a neutral mediator "is as far as the court's or the public's right to know extends" in reference to documents exchanged in the mediation. Dkt. 120 at 10. However, the Ninth Circuit has previously noted that "the mere presence of a neutral mediator . . . is not on its own dispositive of whether the end product is a fair, adequate, and reasonable settlement agreement." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011). The public has a right to know the facts and documents relied upon by the parties when reaching a proposed settlement agreement, and neither the Court nor the public should be required to accept the representations of the mediator about the fairness of the settlement as true.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04258-SVW-GJS | Date | May 21, 2019 |
|---|---|---|---|
| Title | *Lucy Chi v. University of Southern California et al.* | | |

counsel had adequate information at its disposal when negotiating the settlement. *See* Dkt. 120 at 13-15. But Rule 23 only allows the Court to approve a proposed settlement after finding that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Court need not engage in an impermissible evaluation of the specific merits of the underlying claims in order to make such a finding, but at the same time, the Court must allow class members to voice their concerns about the substantive fairness of any settlement reached via objections at the final settlement approval stage. *See* Fed. R. Civ. P. 23(e)(5); *see also Lane v. Facebook, Inc.*, No. C 08–3845 RS, 2009 WL 3458198, at *5 (N.D. Cal. Oct. 23, 2009). To allow the parties to reach a "fair" settlement agreement based on known facts pertaining to the merits of the underlying causes of action, without providing class members with those facts, would upend the purpose of Rule 23's requirements of court approval and class involvement in the settlement process. Moreover, providing class members with fulsome, non-privileged evidence about Dr. Tyndall's actions and USC's notice and response to those actions is the only manner to assure that class members are able to make a fully informed decision whether to remain in any class action settlement or opt out of the settlement to pursue independent relief. Simply put, the Court, and the public, maintains a substantial interest in accessing the information under seal to ensure that class members are afforded the information and relief they deserve.

Furthermore, as The Times correctly points out, once the "compelling reasons" standard applies, the Ninth Circuit does not require a party seeking public disclosure of sealed documents to provide an independent public interest in those documents. The "strong presumption" in favor of access to judicial records supplies a sufficient "public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1179 (internal quotation marks and citation omitted). To require The Times to articulate an independent interest in access to these judicial records would impermissibly shift the evidentiary burden from USC to The Times. *See Lockyer*, 355 F. Supp. 2d at 1124. Indeed, "[t]he public interest undergirding the common law right of access to court records does not turn on whether the details of a particular case are 'interesting,' or whether a party opposing access has deemed the available information sufficient to satisfy the public's curiosity." *Id.* Instead, the public's interest in accessing the documents under seal is predicated upon "a venerable heritage rooted in the need for openness in a democratic society." *Id.* As elaborated by the court in *Lockyer*:

> The presumption of access exists because the citizens are entitled to observe, monitor, understand and critique their courts-even in the most mundane of cases that excite no media interest-because what transpires within our courtrooms belongs to our citizens in a fundamental way. This is

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

Case 2:18-cv-04258-SVW-GJS   Document 136   Filed 05/21/19   Page 12 of 16   Page ID
#:3304

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04258-SVW-GJS | Date | May 21, 2019 |
|---|---|---|---|
| Title | *Lucy Chi v. University of Southern California et al.* | | |

> why we require not just a showing of some possible reason to justify closure
> of the court to the public, but a showing of a compelling one.

*Id.* at 1125. The Times was not required to articulate an independent reason for why the sealed documents must be produced, because the public maintains a sufficient interest in the openness of this Court's proceedings that can only become by USC's showing of a compelling reason for continued closure.

Even if The Times was required to identify an independent public interest, the Court notes the extensive media coverage surrounding this case and similar class-wide allegations of sexual harassment or abuse against persons of authority across the country. Providing the public with all available, non-privileged information furthers the public narrative about inappropriate sexual behavior and ensures for longer-lasting changes beyond the case at hand. The public's legitimate interest in the sealed documents therefore outweighs any potential interest USC has asserted in maintaining confidentiality of discovery documents exchanged during mediation pursuant to a private agreement between the parties.

Accordingly, based on the above, USC has not articulated a compelling mediation-related reason to keep the documents Plaintiffs attached to their opposition to motions to intervene under seal that would overcome the public's interest in maintaining access to judicial records filed in this case.

        ii.      *Privacy of Employment Records*

Dr. Tyndall filed a joinder to USC's opposition to The Times' motion to unseal judicial records, additionally arguing that Dr. Tyndall maintains a right to privacy for the sealed documents which are "derived from Dr. Tyndall's employment personnel file maintained by USC." Dkt. 121 at 2.

In support of Dr. Tyndall's assertion of a right of privacy to employment files, Dr. Tyndall first cites to Cal. Civ. Proc. Code § 1985.6, which provides employees with advanced notice and an opportunity to object to any subpoena duces tecum that requires the employee to produce employment records. The Court has no basis to conclude that this statute is relevant here, because Section 1985.6 "applies by its terms only to the use of a subpoena duces tecum." *Falk v. HP Inc.*, No. 1:17-cv-00401-BLW, 2018 WL 3636536, at *3 (D. Idaho July 31, 2018) (citation omitted); *see also McEwan v. OSP Grp., L.P.*, No. 14-cv-2823-BEN (WVG), 2016 WL 1241530, at *5 (S.D. Cal. Mar. 30, 2016) ("[B]y its plain terms, Section 1985.6 only applies to the use of a subpoena duces tecum for the production of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04258-SVW-GJS | Date | May 21, 2019 |
|---|---|---|---|
| Title | *Lucy Chi v. University of Southern California et al.* | | |

employment records. Because the instant dispute involves neither a subpoena duces tecum, nor employment records, Section 1985.6 is inapposite.").

Next, Dr. Tyndall cites to several cases purporting to establish a right of privacy to an employee's personnel files. *See Teamsters Local 856 v. Priceless, LLC*, 112 Cal. App. 4th 1500, 1514-15 (2003) (construing the California Public Records Act, a state analog to the federal Freedom of Information Act, as establishing a "reasonable expectation of privacy" in an employee's personnel files under the California Constitution), *disapproved of by Int'l Fed. of Prof'l & Technical Eng'rs, Local 21, AFL-CIO v. Superior Court*, 42 Cal. 4th 319 (2007); *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982) (exemptions to the Freedom of Information Act establish that "[w]hen disclosure of information which applies to a particular individual is sought from Government records, courts must determine whether release of the information would constitute a clearly unwarranted invasion of that person's privacy"); *Detroit Edison Co. v. N.L.R.B.*, 440 U.S. 301, 318 n. 16 (1979) ("A person's interest in preserving the confidentiality of sensitive information contained in his personnel files has been given forceful recognition in both federal and state legislation governing the recordkeeping activities of public employers and agencies."). Dr. Tyndall asserts that the documents at issue in The Times' motion to unseal constitute employment records that are contained in Dr. Tyndall's employment file, implicitly arguing that Dr. Tyndall's right of privacy applicable to those documents is a sufficient "compelling reason" to maintain closure of those records.

As an initial matter, none of the parties explain why or how any rights of privacy developed under the Freedom of Information Act, or under California law, would be relevant to a request to unseal records in this federal litigation. Nevertheless, assuming that such a privacy right is relevant in the context of identifying a "compelling reason" for closure, Dr. Tyndall's arguable right of privacy in the documents The Times seeks to unseal is not absolute. Under California law, "where complaints of a public employee's wrongdoing and resulting disciplinary investigation reveal allegations of a substantial nature, as distinct from baseless or trivial, and there is reasonable cause to believe the complaint is well founded, public employee privacy must give way to the public's right to know." *Bakersfield City Sch. Dist. v. Superior Court*, 118 Cal. App. 4th 1041, 1046 (2004) (citing *Am. Fed. of State, Cty. & Mun. Emps. (AFSCME), Local 1650 v Regents of Univ. of Cal.*, 80 Cal. App. 3d 913, 918 (1978)). The record established in this case to date already shows that the allegations by many of Dr. Tyndall's former patients are neither "baseless" nor "trivial." Even if Dr. Tyndall maintained some semblance of a state or federal right of privacy to the employment records at issue that could constitute a "compelling reason" for closure, Dr. Tyndall's privacy interests are vastly outweighed by the public's interest in access to

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04258-SVW-GJS | Date | May 21, 2019 |
|---|---|---|---|
| Title | *Lucy Chi v. University of Southern California et al.* | | |

judicial records in this case, as well as the public's interest in continued reporting of information about Dr. Tyndall's actions, which have already been substantially aired in the public sphere for almost a year.

Accordingly, the public's interest in gaining access to all pertinent information about Dr. Tyndall's actions, and in particular USC's knowledge of those actions and response thereto, overcome any compelling reasons to seal these records pursuant to a right of privacy applying to employment records under California state law. *See, e.g.*, *BRV, Inc. v. Superior Court*, 143 Cal. App. 4th 742, 759 (2006) (holding that the public's interest in disclosure of allegations of sexual harassment made against a city's high school superintendent and the response of the governing elected board outweighed the superintendent's privacy interests in the investigative report prepared in response to student complaints).

        iii.    *Privacy of Patient Identities*

Lastly, USC mentions in passing an important privacy interest that applies to individuals' medical information. *See* Dkt. 120 at 12 n. 5. The Court agrees that the identifying information of any former patients of Dr. Tyndall is an important consideration in this case. Other courts have held that "[t]he need to protect medical privacy qualifies as a 'compelling reason' that overcomes the presumption of public access to judicial records" under federal common law. *Abbey v. Haw. Emp'rs Mut. Ins. Co. (HEMIC)*, 760 F. Supp. 2d 1005, 1013 (D. Haw. 2010) (citations omitted); *see also G. v. Hawai'i*, Nos. 08–00551 ACK–BMK, 09–00044 ACK–BMK, 2010 WL 2607483, at *1 (D. Haw. June 25, 2010); *Lombardi v. TriWest Healthcare All. Corp.*, No. CV–08–02381–PHX–FJM, 2009 WL 1212170, at *1 (D. Ariz. May 4, 2009) (granting the defendant's motion to seal two exhibits "because these documents contain sensitive personal and medical information").

The Court agrees and finds that the need to protect the identities of former patients of Dr. Tyndall constitutes a "compelling reason" to seal all such information. This compelling reason outweighs any contravening public interest in accessing the names of particular class members; all persons who were patients treated by Dr. Tyndall should maintain the right to remain anonymous to the fullest extent possible. If class members wish to tell their story publicly, they are of course always free to do so. But the forced public disclosure of certain class members' identities could only be used for "improper purposes." *Kamakana*, 447 F.3d at 1179. Therefore, there are sufficiently compelling reasons to maintain the anonymous identity of any patients mentioned by name in the documents filed under seal on the docket for this case.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04258-SVW-GJS | Date | May 21, 2019 |
|---|---|---|---|
| Title | *Lucy Chi v. University of Southern California et al.* | | |

Because the bulk of the documents attached to Plaintiffs' opposition to the motions to intervene are not specific medical records for any patients of Dr. Tyndall, simple redactions of those documents under seal to black out any names or identifying information of Dr. Tyndall's patients that appear throughout those documents would be sufficient to protect those patients' privacy interests. *See United States v. Bus. of Custer Battfield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1197 n. 5 (9th Cir. 2011) (explaining that under the federal common law right of access "courts have recognized several concerns that may call for redaction of the materials or withholding of disclosure outright," including privacy interests) (citations omitted). The Court's review of the current documents filed under seal revealed that Plaintiffs have already made efforts to redact out any identifying patient information in the exhibits attached to the Berman declaration. *See* Dkt. 96-1. However, the Court observed at least one instance where a patient's surname was inadvertently left unredacted on Page 5 of Exhibit 7 to the Berman declaration. *See id.* at 58. In order to protect the identity of that patient, the Court orders that the current documents filed under seal remain under seal. Plaintiffs are ordered to file on the docket as soon as possible an updated version of Plaintiffs' opposition to the motions to intervene and supporting Berman declaration, redacting all identifying information for any of Dr. Tyndall's former patients, including the surname of the patient identified above.

       3.    *Summary*

For the reasons stated above, the Court GRANTS IN PART The Times' motion to unseal the redacted information in Plaintiffs' opposition to the motions to intervene and Exhibits 1-3 and 5-7 attached to the supporting Declaration of Steve W. Berman.

    **B.**    **First Amendment Right of Access**

Because the Court holds that the federal common law applies to require public access to the sealed documents attached to Plaintiffs' opposition to the motions to intervene, the Court need not reach the question of whether the analogous First Amendment right of access applies as well. *See Lockyer*, 355 F. Supp. 2d at 1114 (citing *Hagestad*, 49 F.3d at 1434 n. 6).

Even if the Court did analyze the public's right of access under the First Amendment, the Ninth Circuit has acknowledged that "[t]he First Amendment is generally understood to provide a stronger right of access than the common law." *See Custer Battlefield*, 658 F.3d at 1197 n. 7 (citations omitted). Therefore, the same result as above would be reached under the First Amendment; specifically, the

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04258-SVW-GJS | Date | May 21, 2019 |
|---|---|---|---|
| Title | *Lucy Chi v. University of Southern California et al.* | | |

Court would find that redacting the identities of Dr. Tyndall's patients would be a sufficient "alternative to closure" of the documents at issue, a solution narrowly-tailored to protect the specific medical privacy interests of class members while allowing for public access to the remainder of the sealed documents. *See Oregonian Publ'g Co. v. U.S. Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990); *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1093-94 (9th Cir. 2014) (considering redactions of a contempt and confinement order "as an alternative to closure" of the order entirely).

### III. Conclusion

For the reasons set forth above, the Court GRANTS The Times' motion to intervene and GRANTS IN PART The Times' motion to unseal documents filed under seal in this action.

The Court orders that the current documents filed under seal on the docket remain under seal. Plaintiffs are ordered to file on the docket, as soon as possible, an updated, unsealed version of Plaintiffs' opposition to the motions to intervene and supporting Berman declaration. Plaintiffs' unsealed filing must redact all identifying information for any of Dr. Tyndall's former patients, including the reference to a patient surname on Page 5 of Exhibit 7 to the Berman declaration filed under seal.

Furthermore, the Court intends to unseal additional discovery documents regarding USC's internal records about complaints against Dr. Tyndall, which were submitted *in camera* by USC per the Court's request. *See* Dkt. 127. The parties are ORDERED TO SHOW CAUSE as to why these documents should not be publicly disclosed, subject to redactions of identifying information for any of Dr. Tyndall's patients consistent with this Order. The parties are to file responses to the order to show cause, if any, within 7 days of the date of this Order.

IT IS SO ORDERED.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |