Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com

Annika K. Martin (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
(212) 355-9500
akmartin@lchb.com

Daniel C. Girard (SBN 114826)
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, California 94108
(415) 981-4800
dgirard@girardsharp.com

*Interim Class Counsel and Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

IN RE: USC STUDENT HEALTH CENTER LITIGATION

No. 2:18-cv-04258-SVW

[Consolidated with:
No. 2:18-cv-04940- SVW-GJS,
No. 2:18-cv-05010-SVW-GJS,
No. 2:18-cv-05125-SVW-GJS, and No. 2:18-cv-06115-SVW-GJS]

PLAINTIFFS' RENEWED NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF SPECIAL MASTER

Date: June 17, 2019
Time: 1:30 p.m.
Hon. Stephen V. Wilson

**RENEWED NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF SPECIAL MASTER**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on June 17, 2019 or as soon thereafter as counsel may be heard, before the Honorable Stephen V. Wilson, in Courtroom 10A of the United States Courthouse, located at 350 W. 1st Street, 10th Floor, Los Angeles, California, Plaintiffs will and hereby do move the Court to appoint a special master pursuant to Federal Rule of Civil Procedure 53 to oversee the claim administration process in the proposed class action settlement agreement, including reviewing and evaluating claim submissions as part of a three-person panel, and adjudicating award appeals.

This motion is made following the conference of counsel pursuant to L.R. 7-3. This motion is based on this Notice of Motion and Motion, the concurrently filed Memorandum, Declarations, and exhibits thereto, the pleadings and papers on file, and upon such other matters as may be presented to the Court at the time of any hearing.

DATED: May 23, 2019.

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ Steve W. Berman
Steve W. Berman

Shelby R. Smith
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: shelby@hbsslaw.com

Christopher R. Pitoun
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Ave, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: christopherp@hbsslaw.com

Jonathan D. Selbin
Annika K. Martin
Evan J. Ballan
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: jselbin@lchb.com
Email: akmartin@lchb.com
Email: eballan@lchb.com

Daniel C. Girard
Elizabeth A. Kramer
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: dgirard@girardsharp.com
Email: ekramer@girardsharp.com

*Plaintiffs' Executive Committee and Interim Class Counsel*

Joseph G. Sauder
SAUDER SCHELKOPF LLC
555 Lancaster Avenue
Berwyn, Pennsylvania 19312
Telephone: (610) 200-0580
Facsimile: (610)727-4360
Email: jgs@sstriallawyers.com

Jonathan Shub
KOHN SWIFT & GRAF, P.C.
1600 Market Street. Suite 2500
Philadelphia, PA 19103-7225
Telephone: (215) 238-1700
Facsimile: (215) 238-1968
Email: jshub@kohnswift.com

*Proposed Additional Class Counsel*

# MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF SPECIAL MASTER

## I. INTRODUCTION

Plaintiffs submit this memorandum in support of their motion for appointment of a special master. The Parties have entered into a proposed class action settlement agreement (the "Settlement"), and seek the Court's preliminary approval by motion filed contemporaneously with this one. The Settlement provides for the Court to appoint an independent special master to oversee the claim administration process, including reviewing and evaluating claim submissions as part of a three-person adjudication panel, as well as determining appeals. Amended Settlement Agreement ("Agmt.") ¶¶ 6.6, 7.1.

Plaintiffs hereby respectfully request that the Court appoint a special master pursuant to Federal Rule of Civil Procedure 53 for the purposes set forth in the Settlement.

## II. LEGAL STANDARD

Fed. R. Civ. P. 53(a)(1)(A) permits a court to appoint a special master to "perform duties consented to by the parties." Additionally, a court can appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed" by the court. Fed. R. Civ. P. 53(a)(1)(C). "It is within a district court's discretion to appoint a special master, and to decide the extent of the duties of a special master." *In re Hanford Nuclear Reservation Litig.*, 292 F.3d 1124, 1138 (9th Cir. 2002).

Courts have a "long tradition, with its roots in equity, of using special masters in post-judgment proceedings." *Cordoza v. Pac. States Steel Corp.*, 320 F.3d 989, 995 (9th Cir. 2003) (collecting cases). Courts frequently use special masters to oversee, administer, and allocate class action settlement claims. *E.g.*, *Friedman v. Guthy-Renker, LLC*, No 2:14-cv-06009-ODW, 2017 WL 6527295

(C.D. Cal. Aug. 21, 2017) (using special master to "analyze and value" class member claims in two-tiered settlement); *In re Am. Honda Motor Co., Inc.*, MDL No. 06-1737-CAS, 2009 WL 1204495 (C.D. Cal. Apr. 17, 2009) (using special master to oversee settlement fund and review and evaluate claim forms).

Given the sensitive nature of allocating compensation equitably amongst class members in settlements involving sexual abuse, courts have found the use of special masters particularly appropriate in this context. *See, e.g.*, *Anderson v. Chesley*, No. 2:10-116-DCR, 2010 WL 4736833, at *2 (E.D. Ky. Nov. 16, 2010) (describing use of special masters to administer settlement claims in sex abuse class action in state court); *Jane Doe No. 1 v. Johns Hopkins Hosp.,* Case No. 24-C-13-001041, 2014 WL 5040602 (Md. Cir. Ct. Sept. 19, 2014) (using Hon. Irma Raker as court-appointed adjudicator to in class settlement of claims of surreptitious photographing and inappropriate touching brought by former patients against gynecologist Dr. Nikita Levy and Johns Hopkins University); *Jane Doe 30's Mother v. Bradley*, 64 A.3d 379, 388–89 (Del. Super. Ct. 2012) (using court-appointed adjudicator to administer claims in sex abuse class settlement); *Jane Doe 2 v. The Georgetown Synagogue-Kesher Israel Congregation*, No. 2014 CA 007644 B (D.C. Super. 2018)[1] (same); *Doe v. Potter*, 225 S.W.3d 395 (Ky. Ct. App. 2006) (same).

## III. DISCUSSION

As detailed in the contemporaneously filed papers in support of the Motion for Preliminary Approval, the proposed Settlement compensates Class members based on a three-tiered system. Every Class member will receive a guaranteed minimum payment just by virtue of being a Class member (Tier 1)—but every Class member is also eligible to make a claim and receive an award of up to $250,000 (Tiers 2 and 3). Claims for higher-tier awards will be evaluated based on

---

[1] Opinion attached as Ex. 1.

information submitted by Class members. Claimants who apply for the highest-level (Tier 3) award will also participate in interviews about their experiences with Dr. Tyndall.

The Settlement provides for the Court to appoint an independent Special Master to oversee this process and to serve on a three-person panel responsible for allocating the claim awards. Appointing a special master is essential here to ensure equitably allocation of the claim awards among those claimants who submit Tier 2 or Tier 3 claims, while also being sensitive to the needs of trauma victims. As described below, the parties have identified and interviewed two candidates for the Court's consideration.

**A. <u>The Special Master's Role.</u>**

The Settlement defines "Special Master" as "an independent, mutually agreeable individual with knowledge of and experience with claims of sexual abuse." Agmt. ¶ 7.1.

Among other designated responsibilities, the Special Master will sit on a three-person panel (the "Panel") along with a forensic psychologist and an OB/GYN selected by the Parties in consultation with the Special Master. The Panel will assess and adjudicate the Claims Awards for various Tier 2 and Tier 3 Claims. *Id.* In doing so, the Special Master will draw on the assistance and guidance of a team of experts in gynecology, psychology, psychiatry, PTSD, and the unique needs of sexual trauma survivors, and trained specialists who will assist in reviewing claim forms and conducting interviews under the Special Master's supervision. *Id.* ¶ 2.40. In consultation with the parties and her team of experts, the Special Master shall develop the protocols for interviews, claim forms, and other oral or written direct contact with Class members relating to Tier 2 and Tier 3 claims. *Id.*

The Panel, including the Special Master, will determine whether claimants'

claim form or interview is credible; whether the conduct or statement(s) described fall outside the scope of accepted medical standards of care applicable during the relevant time, or the conduct or statements were otherwise actionable; and, based on an assessment of the emotional distress and/or bodily injury to the claimant, the Panel will recommend a claim award amount. *Id.* ¶ 6.4.

The Special Master will also personally hear and evaluate the appeals of any claimants who wish to challenge their claim award as set out in the Amended Settlement Agreement. The Special Master's decision on appeals will be final. *Id.* ¶ 6.6.

While she will be assisted by her team of experts and specialists, part of the Special Master's role will entail direct contact with victims in the form of interviews with claimants. She may also be asked to speak to victims about the Settlement Claims Process, in order to provide a trustworthy "face of the settlement" to reassure victims that they will be treated with compassion and understanding of how difficult it can be for them to talk about their traumatic experiences.

The combination of an experienced special master and her team of experts ensures the review and allocation of higher tier claims will be sensitive to the needs of victims of sexual assault and cognizant of the ways in which past trauma affects the ways victims communicate about their traumatic experiences and the impact of those experiences on them, and take those factors into account when performing the analysis necessary to determine damages and allocate consistently and fairly amongst claimants. In other words, these are not your typical claimants, this is not your typical claims program—and the typical claims administration model does not fit.

The proposed approach here—the use of an experienced special master assisted by a team of experts—was successfully employed in the *Johns Hopkins*

class settlement, using the Hon. Irma Raker as special master.[2] A similar approach has been used successfully in other sex abuse class settlement claims programs as well. *See, e.g., Bradley*, 64 A.3d at 388–89 (claims reviewed by adjudicator in consultation with pediatrician and child and adolescent psychiatrist); *Georgetown Synagogue*, Mot. for Preliminary Approval Ex. 2 (use of physician as "Independent Claims Expert" to administer settlement claims); *Doe v. Potter*, 225 S.W.3d 395 (use of "Settlement Master" to evaluate and adjudicate claims). In addition, the Parties have adopted the Court's suggestion that "a committee of three individuals" be "responsible for making all claims determinations" to "promote a more objective and outwardly fair method of adjudicating" Tier 2 and Tier 3 claims. Dkt. 124 at 8 ("[I]f the proposed settlement described a three-person committee to make claims determinations in lieu of the Special Master's sole discretion, the Court would find that the settlement treats class members equitably toward each other under Rule 23(e)(2)(D) and that the settlement contains an adequate method of processing class-member claims under Rule 23(e)(2)(C)(ii).").

### B. The Candidates

Plaintiffs present the following candidates to the Court:

#### 1. Hon. Irma S. Raker

Most recently and most relevantly, Judge Raker served as the Special Master and Claims Adjudicator overseeing and administering the claims process in the $190 million class settlement of claims of surreptitious photographing and inappropriate touching brought by former patients against gynecologist Dr. Nikita Levy and Johns Hopkins University.[3] Of the 14,000 former patients who received notice of the settlement, 9,000 made claims in the settlement.

Judge Raker served as an Associate Judge of the District Court of Maryland,

---

[2] *Johns Hopkins*, 2014 WL 5040602.

[3] *Jane Doe No. 1, et al. v. Johns Hopkins Hospital, et al.*, Case No. 24-C-13-001041 (Md. Cir. Ct. 2014).

Montgomery County from 1980 to 1982, as Associate Judge of the Montgomery County Circuit Court from 1982 to 1993, and on the Maryland Court of Appeals (the state's highest court) from 1994 until her retirement in 2008. Judge Raker now periodically sits on the Court of Special Appeals and the Court of Appeals as a senior judge, and serves as a private arbitrator and mediator.[4]

Judge Raker served on the Montgomery County, Maryland, Sexual Offenses Committee, where she was instrumental in developing the "rape kit" and other innovations that the Police Department implemented to better address sexual offenses. In 1977, she served on a statewide task force to rewrite sexual offense laws in Maryland, and contributed heavily to the revised laws, which modernized the laws related to sexual offenses.

As a private mediator, Judge Raker successfully mediated to settlement a claim alleging unlawful, surreptitious videotaping of women in a private gym by the security guard. As a prosecutor in the 1970's, Judge Raker screened and evaluated all the sexual child abuse cases in the County and prosecuted many rape cases and gang rape cases.

In her role as Special Master, Judge Raker oversaw a team of trained specialists who interviewed each of the 9,000 claimants telephonically for 30 to 60 minutes each. Judge Raker worked with class counsel and a team of psychology experts to design the interview protocols and claim assessment factors. After all claims were assessed, Judge Raker alone made the allocation decision for each and recommendation to the Court of settlement payments for each claimant, which the Court approved.

Judge Raker also created and implemented the appeal process. She personally heard appeals by conducting in-person meetings with claimants who wished reconsideration of their award. This was manageable because fewer than

[4] *See* CV of Judge Irma S. Raker, attached as Ex. 2.

3% of the 9,000 claimants appealed.

In addition to speaking directly with victims during the initial allocation process and appeals, Judge Raker also spoke to victims in videos explaining the claims process posted on the settlement web page[5] and in media appearances to educate and explain the terms of the settlement and the process.

Plaintiffs' class counsel from the *Johns Hopkins* case spoke very highly of Judge Raker's work as special master in that case, and strongly recommended her as exceptionally well qualified to serve as Special Master for the USC Settlement, with the experience, skills, and sensitivity to do the job well.

Judge Raker's work on the *Johns Hopkins* case is now complete, and she is available and very interested in serving as Special Master here. Judge Raker has no grounds for disqualification under 28 U.S.C. § 455.[6]

**2. <u>Hon. Irma E. Gonzalez (Ret.)</u>**

Judge Gonzalez was appointed to the United States District Court for the Southern District of California in 1992, serving as Chief Judge from 2005 to 2012. Prior to her appointment to the federal bench, Judge Gonzalez also worked as an Assistant U.S. Attorney in the District of Arizona and the Central District of California, as well as an attorney in private practice. She later served as a U.S. Magistrate judge and a San Diego County Superior Court judge. Following her nearly three-decade judicial career, Judge Gonzalez joined JAMS.

Judge Gonzalez's JAMS profile[7] describes her as follows: "Highly regarded among counsel for her fairness and deep knowledge of legal issues, Judge Gonzalez brings an experienced approach to resolving even the most complex and contentious disputes. Her background makes her an ideal arbitrator, mediator, and special master for cases involving a wide range of issues, including business, class

[5] *See* https://www.drlevyclassaction.com/caseinformation.html.

[6] *See* Raker Decl., attached as Exhibit 3.

[7] Available at https://www.jamsadr.com/gonzalez/.

action, employment, intellectual property, and securities matters, among others. Judge Gonzalez is also fluent in Spanish."

Interim Class Counsel spoke with Judge Gonzalez about the Special Master role in this Settlement, and about her experiences. As an initial matter, Judge Gonzalez indicated she knows and has great respect for the Court. Judge Gonzalez approved many settlement classes during her time on the bench, but she has not overseen a class settlement claims process. As a mediator, Judge Gonzalez has handled claims of sexual harassment and discrimination in the employment context, and in that role interacted with victims of severe emotional distress. Judge Gonzalez said she would be comfortable with the public-facing aspect of being the "face of the settlement" and encouraging Class members to trust the process. Judge Gonzalez is willing and enthusiastic about the opportunity to serve as Special Master, and has no grounds for disqualification under 28 U.S.C. § 455.[8]

## IV. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court issue an order pursuant to Federal Rule of Civil Procedure 53 appointing the Hon. Irma S. Raker or the Hon. Irma E. Gonzalez as Special Master to oversee and adjudicate the Settlement Claims Process in conformance with Sections 6 and 7 of the Settlement.

Dated: May 23, 2019

HAGENS BERMAN SOBOL SHAPIRO LLP

/s/ Steve W. Berman

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Email: steve@hbsslaw.com

[8] *See* Gonzalez Decl., attached as Exhibit 4.

Daniel C. Girard (SBN 114826)
Elizabeth A. Kramer (SBN 293129)
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Email: ekramer@girardsharp.com

Annika K. Martin (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Email: akmartin@lchb.com

*Interim Class Counsel and Plaintiffs' Executive Committee*