QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael E. Williams (Bar No. 181299)
  michaelwilliams@quinnemanuel.com
  Shon Morgan (Bar No. 187736)
  shonmorgan@quinnemanuel.com
  Tara Lee (Bar No. 204211)
  taralee@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

FRASER WATSON & CROUTCH LLP
  Stephen C. Fraser (Bar No. 152746)
  sfraser@fwcllp.com
  Alexander M. Watson (Bar No. 156828)
  awatson@fwcllp.com
100 W Broadway # 650
Glendale, CA 91210
Telephone:   (818) 543-1380
Facsimile:   (818) 543-1389

*Attorneys for Defendants University of Southern California, Board of Trustees of the University of Southern California*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE USC STUDENT HEALTH CENTER LITIGATION* | No. 2:18-cv-04258-SVW-GJS] <br><br> [consolidated with 2:18-cv-04940-SVW-GJS, 2:18-cv-05010-SVWGJS, 2:18-cv-05125-SVW-GJS, and 2:18-cv-06115-SVW-GJS] <br><br> **USC DEFENDANTS' RESPONSE TO JANE DOE'S OBJECTION TO PROPOSED AMENDED SETTLEMENT** <br><br> Judge: Honorable Stephen V. Wilson <br> Dept.: Courtroom 10A <br> Date: June 17, 2019 <br> Time: 1:30 p.m. |

Defendants University of Southern California and the Board of Trustees of the University of Southern California submit this response to the objection filed by non-party Jane Doe on May 27, 2019 [Dkt. 144]. For reasons previously articulated by this Court, Jane Does' objection is both procedurally improper and substantively defective, and reaffirms the prejudice that results when a plaintiff simultaneously litigates individual claims and attempts to influence a proposed class settlement.

This Court has already determined that objections at the preliminary approval stage, and in particular those that might be lodged in connection with Plaintiffs' Renewed Motion for Preliminary Approval, are untimely. Dkt. 124. On April 18, 2019, the Court denied "various class members' motions to intervene and/or objections to the motion for preliminary approval," including the objections filed by *this same non-party Jane Doe*. As the Court held, objections at the preliminary approval stage are premature, "as all objections to the settlement agreement are contemplated to be lodged after preliminary approval and before final approval." Dkt. 124 at 9. The Court further clarified that this reasoning would apply "at this time *or at the time of a renewed motion for preliminary approval*." Dkt. 124 at 10 (emphasis added).

Notwithstanding the Court's unambiguous prohibition on objections before preliminary approval of the Amended Settlement, non-party Jane Doe has filed *the exact same objections* the Court previously rejected. *Compare* Dkt. 144 *with* Dkt. 80. Her counsel did not even bother to remove arguments that have been explicitly addressed since her objections were first filed several months ago, or to update her citations to the Amended Settlement Agreement. *See, e.g.*, Dkt. 80 at 7, Dkt. 144 at 9 ("Interim Class Counsel fails to provide even estimates of the costs of notice, administration, the "independent monitor," and the special master, which will significantly reduce the settlement amount," and citing the original Settlement Agreement at Dkt. 67). Because the Court has already considered and rejected non-

Party Jane Doe's objections, they serve no legitimate purpose and only waste judicial and party resources.

Jane Doe's attempt to inject herself into the class proceedings demonstrates again why putative class members are not permitted simultaneously to litigate individual claims while seeking to alter a class settlement.  This Jane Doe has already forced the Court and the USC defendants to devote substantial resources to her individual claim—which the court dismissed in total in an 11-page order—and yet seeks a voice in the class settlement by filing serial objections despite an order ruling them premature.  Courts have made clear that putative class members cannot both object to the class settlement and litigate individually.  *See, e.g.*, *Olden v. LaFarge Corp.,* 472 F. Supp. 2d 922, 931 (E.D. Mich. 2007) ("a party ought not be able to spoil a settlement by interposing objections and then leave the litigation."); *Mulroy v. Nat'l Water Main Cleaning Co. of New Jersey*, No. CIV.A. 12-3669 WJM, 2014 WL 7051778, at *3 (D.N.J. Dec. 12, 2014) ("At best, Mr. Conceicao is attempting to object to the settlement conditionally, and then if his demands are not met, perhaps opt out.  A party may not, however, conditionally object to a settlement; nor can a class member purport to both object and opt out."); *cf.,* Dkt. 124 at 9-10 (noting that class members may object *or* opt-out).  Having renewed her objection even after being given this caution, this Jane Doe should be deemed to have made her election.

DATED: May 29, 2019

By: /s/ Shon Morgan

QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn
Michael E. Williams
Shon Morgan
Tara Lee

FRASER WATSON & CROUTCH, LLP
Stephen C. Fraser
Alexander M. Watson
Daniel K. Dik

*Attorneys for Defendant,*
*The University of Southern California, Board of Trustees of the University of Southern California*