FILED
CLERK, U.S. DISTRICT COURT
JUN 12 2019
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE USC STUDENT HEALTH CENTER LITIGATION | No. 2:18-cv-04258-SVW<br><br>[consolidated with No. 2:18-cv-04940-SVW-GJS, No. 2:18-cv-05010-SVW-GJS, No. 2:18-cv-05125-SVW-GJS, and No. 2:18-cv-06115-SVW-GJS]<br><br>[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR PRELIMINARY SETTLEMENT APPROVAL AND TO DIRECT CLASS NOTICE<br><br>Date:  June 3, 2019<br>Time:  1:30 p.m.<br>Dept:  Courtroom 10A<br>Judge: Hon. Stephen V. Wilson |

This matter is before the Court on Plaintiffs' renewed motion for preliminary settlement approval and to direct notice. Plaintiffs, individually and on behalf of the proposed settlement class, and Defendants have entered into an Amended Settlement Agreement ("Settlement") that, if approved, would resolve this litigation.

Having considered the motion, the Amended Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined herein, all capitalized terms shall have the same meaning ascribed to them in the Amended Settlement Agreement.

2. The Court has jurisdiction over this litigation, Plaintiffs, Defendants, and Settlement Class Members, and any party to any agreement that is part of or related to the Amended Settlement Agreement.

## **PRELIMINARY APPROVAL**

3. The Court has reviewed the terms of the proposed Amended Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declarations submitted in support of the motion. Based on its review of these papers, the Court finds that the Amended Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with the assistance of former United States District Judge Layn R. Phillips.

4. The Settlement does not improperly grant preferential treatment to any individual or segment of the Settlement Class; does not exhibit any signs of collusion, explicit or subtle; and falls within the range of possible approval as fair, reasonable, and adequate and thus is likely to gain final approval under Federal Rule of Civil Procedure 23(e)(2).

5. The Court therefore GRANTS preliminary approval of the Settlement.

## PRELIMINARY FINDINGS ON SETTLEMENT CLASS CERTIFICATION

6. The Court finds that it will likely be able to certify the following Settlement Class for purposes of judgment on the proposed Settlement:

> All women who were seen for treatment by Dr. George M. Tyndall at the University of Southern California student health center during the period from August 14, 1989 to June 21, 2016 (a) for Women's Health Issues, or (b) whose treatment included an examination by him of her breast or genital areas, or (c) whose treatment included the taking of photographs or videotapes of her unclothed or partially clothed body.

7. The Court preliminarily finds, for settlement purposes only, that the requirements of Rule 23(a) are satisfied.

8. Rule 23(a)(1) is satisfied because the class consists of approximately 14,000 to 17,000 women, whose identities are ascertainable through USC's records or through self-identification. Rule 23(a)(2) is satisfied because there are common issues—Tyndall's alleged misconduct toward female patients at the USC student health center, and USC's alleged failure to terminate or otherwise discipline him—are at the core of all claims.

9. The Court further finds that the Class Representatives' claims are typical of those of Settlement Class Members and that the Class Representatives will fairly and adequately protect the interests of the Settlement Class; therefore Rule 23 (a)(3) and (4) are satisfied.

10. Additionally, the Court preliminarily finds, for settlement purposes only, that the requirements of Rule 23(b)(3) are satisfied: the questions of law or fact common to the Settlement Class predominate over individual questions, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

11. The Court hereby appoints as Class Representatives: Plaintiffs Jane Doe R.B., Jane Doe A.T., Jane Doe J.L., Jane Doe M.S., Shannon O'Conner, Jane Doe L.K., Jane Doe 5, Jane Doe M.V., Jane Doe K.M., Jane Doe A.S., Jane Doe A.F., Joyce Sutedja, Jane Doe M.G., Jane Doe D.D., Jane Doe M.D., Jane Doe A.D., Jane Doe K.Y., Meggie Kwait, Jane Doe M.M., Jane Doe P.A., Jane Doe S.A., Jane Doe L.R., Jane Doe R.K., Jane Doe H.R., Jane Doe 1HB, Jane Doe J.P., Jane Doe 1LC, Jane Doe C.N., Jane Doe J.L., Vanessa Carlisle, Jane Doe J.C., Jane Doe F.M., Jane Doe J.K., Jane Doe C.L., Jane Doe S.R., Jane Doe K.P., Jane Doe 2, Betsayda Aceituno, Jane Doe D.C., Jane Doe N.K., Jane Doe C.C., Jane Doe 4, Jane Doe C.B., Jane Doe 3, Jane Doe J.W., Mehrnaz Mohammadi, Jane Doe A.N., Jane Doe L.Y., Jane Doe A.H., and Elisabeth Treadway.

12. If for any reason the Court does not finally approve the Settlement, or if the Effective Date does not occur, the preliminary certification findings shall be deemed null and void without further action of the Court or the parties. In such circumstances each party shall retain all of its respective currently existing rights to seek or to object to the certification of this action as a class action under Fed. R. Civ. P. 23.

## NOTICE AND ADMINISTRATION

13. The Court hereby designates JND Legal Administration ("JND") as Claims Administrator.

14. The Court finds that giving Class Members notice of the Settlement is justified under Rule 23(e)(1) because, as described above, the Court will likely be able to: approve the Settlement under Rule 23(e)(2); and certify the Settlement Class for purposes of judgment.

15. The Court finds that the proposed Notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23 and provides the best notice practicable under the circumstances. The Notice and plan for its dissemination are reasonably calculated to apprise Class Members of the nature of this litigation, the scope of the Settlement Class, a summary of the class claims, that a Class Member may enter an

appearance through an attorney, that the Court will grant timely exclusion requests, the time and manner for requesting exclusion, and the binding effect of final approval.

16. The Court therefore approves the Notice and directs the parties and the Claims Administrator to provide notice pursuant to the terms of the Amended Settlement Agreement and this Order.

## EXCLUSIONS AND OBJECTIONS

17. Class Members who wish to opt-out and exclude themselves from the Settlement may do so by notifying the Claims Administrator in writing postmarked no later than November 7, 2019.

18. To be valid, each request for exclusion must:
   - Include the Class Member's full name, address, and telephone number;
   - Include the statement: "I want to be excluded from *In re USC Student Health Center Litigation*, No. 2:18-cv-04258-SVW (C.D. Cal.), and understand that by excluding myself, I will not be able to get any money or benefits from the settlement" or substantially similar clear and unambiguous language;
   - Include the Class Member's signature.
   - Be mailed to the Claims Administrator at this address:
     USC Student Health Center Settlement
     c/o JND Legal Administration
     P.O. Box 91235
     Seattle, WA 98111-9335

19. Pursuant to section 3.6 of the Settlement, if a Class Member's request for exclusion is materially defective as to the requirements listed above (and detailed in the Notice), the Claims Administrator will send the Class Member a letter advising of the defect(s) and give the Class Member an opportunity to cure. If a Class Member fails to cure the request for exclusion, the Claims Administrator will have no further obligation to give notice of a need to cure.

20. All Class Members who do not opt out and exclude themselves from the Settlement Class shall be bound by the terms of the Settlement upon entry of a final approval order and judgment.

21. Settlement Class Members who wish to object to the Settlement may do so in a written submission to the Court.

22. A written objection must:

- Include the Settlement Class Member's name, address, and telephone number;
- Clearly identify the master case name and number (*In re USC Student Health Center Litigation*, No. 2:18-cv-04258-SVW (C.D. Cal.));
- State whether the objections applies only to the objector, to a specific subset of the class, or to the entire class, and state with specificity the grounds for the objection;
- State whether the Settlement Class Member intends to personally appear and/or testify at the Final Approval hearing;
- Include the name and contact information of any and all attorneys representing, advising, or assisting the Settlement Class Member, including any counsel who may seek compensation for any reason related to the Settlement Class Member's objection or comment;
- State whether any attorney will appear on the Settlement Class Member's behalf at the Final Approval hearing, and if so, the identity of that attorney;
- Be submitted to the Court either by mailing to: Clerk, United States District Court for the Central District of California, First Street Courthouse, 350 W. 1st Street, Court, Los Angeles, California 90012, or by filing in person at any location of the United States District Court for the Central District of California.

23. Any Settlement Class Member who does not timely submit a written objection in accordance with the procedures listed above (and detailed in the Notice), shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Amended Settlement Agreement and/or the final approval order and judgment by appeal or other means.

**FINAL APPROVAL AND HEARING SCHEDULE**

24. The Court will hold a Final Approval hearing on Monday, ~~November 11, 2019~~ January 6, 2020 at 1:30 [a.m. /(p.m.)] in Courtroom 10A, 10th Floor of the First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012. The Court may continue the date of the Final Approval hearing without further notice to Settlement Class Members. Settlement Class Members should check the Settlement website or the Court's online calendar for the date of the Final Approval hearing.

25. At the Final Approval hearing, the Court will consider: whether the Settlement is fair, reasonable, and adequate and should be granted final approval; whether the Settlement Class should be finally certified; whether a final judgment should be entered; and any other matters the Court may deem appropriate.

26. If the settlement is finally approved, Class Counsel will apply for an award of attorneys' fees, reimbursement of expenses, and service payments to Class Representatives after final approval and implementation of the claims procedure. Class Counsel's request for attorneys' fees and reimbursement of expenses may not exceed $25 million. All attorneys' fees and expenses will be paid separately by Defendants, in addition to and without any reduction of the Settlement Fund. Any service awards the Court approves will be paid from the Settlement Fund.

27. The Notice informs Class Members that Class Counsel's motion for attorneys' fees, expenses, and service payments will be posted on the settlement website as soon as it is filed. Settlement Class Members will have the opportunity to object to the motion. The Court will then consider the motion.

28. The parties shall adhere to the following schedule unless otherwise ordered by the Court:

| Event | Date |
|---|---|
| Claims Administrator sends Notice ("Notice Date") | 28 days after entry of preliminary approval order, or July 1, 2019, whichever is later |
| Objection and Opt-out Deadline | 90 days after Notice Date |
| Motion for Final Settlement Approval Due | No later than 49 days before the Final Approval Hearing |
| Deadline to Submit Claim Forms and Statement of Class Membership Forms | 120 days after Notice Date |
| Final Approval Hearing | Monday, ~~November 11, 2019~~ January 6, 2020 |
| Special Master files Report on Claims Process | 28 days after completion of Claims Process |
| Motion for Award of Attorney's Fees, Costs, and Service Awards to Class Representatives ("Fee Motion") Due | 14 days after Special Master files Report on Claims Process |
| Deadline to Object to Fee Motion | 30 days after Fee Motion is filed and made available to Class Members on the Settlement Website |
| Reply in Support of Fee Motion Due | No later than 14 days before the Hearing on the Fee Motion |
| Hearing on Fee Motion | TBD |

29. In the event that the Settlement is terminated pursuant to the terms of the Amended Settlement Agreement, this Order shall become void, shall have no further force or effect, and shall not be used in this action or in any other proceedings for any purpose other than as may be necessary to enforce the terms of the Amended Settlement Agreement that survive termination.

For the reason set forth above, the Court **GRANTS** Plaintiffs' motion.

**IT IS SO ORDERED.**

DATED: 6/12/19

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE