

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: USC STUDENT HEALTH CENTER LITIGATION | No. 2:18-cv-04258-SVW<br>[Consolidated with:<br>No. 2:18-cv-04940- SVW-GJS,<br>No. 2:18-cv-05010-SVW-GJS,<br>No. 2:18-cv-05125-SVW-GJS, and<br>No. 2:18-cv-06115-SVW-GJS], <br><br>**FINAL APPROVAL ORDER AND JUDGMENT**<br><br>Hon. Stephen V. Wilson |

JS-6

This matter is before the Court on Plaintiffs' Motion for Final Settlement Approval. Plaintiffs, individually and on behalf of the proposed Settlement Class, and Defendants have entered into a Second Amended Settlement Agreement ("Settlement") that, if approved, would resolve this litigation.

On February 14, 2020, the Court granted final approval of the Settlement in a docket entry, requesting that the parties submit a revised proposed order. Dkt. 170.

The Court, after carefully considering the motion and the Settlement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, and good cause appearing, has determined: (a) the Settlement is fair, reasonable, and adequate and should be finally approved; (b) the Settlement Class is certified pursuant to Rule 23(a) and 23(b)(3); (c) the Notice to the Class was directed in a reasonable manner; (d) jurisdiction is reserved and continued with respect to Plaintiffs' motion for service awards to the Plaintiffs and attorneys' fees, costs, and expenses to Class Counsel; (e) jurisdiction is reserved and continued with respect to the implementation and enforcement of the terms of the Settlement; (f) Plaintiffs are appointed Class Representatives; and (g) Hagens Berman Sobol Shapiro LLP, Girard Sharp LLP, Lieff Cabraser Heimann & Bernstein LLP, are appointed as Co-Lead Class Counsel and Sauder Schelkopf LLC, and Kohn, Swift & Graf, P.C. are appointed as Additional Class Counsel (collectively, "Class Counsel").

IT IS HEREBY ORDERED as follows:

1. The Court has jurisdiction over this litigation, Plaintiffs, Defendants, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement.

2. All capitalized terms shall have the same meaning ascribed to them in the Settlement.

3. Pursuant to Rule 23(e), the Court hereby finds the Settlement is fair, reasonable, and adequate.

4. Rule 23(e)(2)(A) is satisfied because the Plaintiffs and Class Counsel have vigorously represented the Class.

5. Rule 23(e)(2)(B) is satisfied because the Settlement was negotiated at arm's length by informed counsel acting in the best interests of their respective clients, and with the close participation of a mediator.

6. Rule 23(e)(2)(C) is satisfied because the relief provided for the Class is outstanding considering the costs, risks, and delay of trial and appeal. The three-tier settlement claims process centered on claimant choice is an efficient, accessible, safe, and private way to maximize payments to Class Members. The Equitable Relief Measures ensure meaningful institutional change will be implemented at USC to prevent further sexual misconduct and violence. Defendants will pay Class Counsel's attorneys' fees and costs separately, without any reduction of Class Member recoveries. There are no undisclosed side agreements.

7. Rule 23(e)(2)(D) is satisfied as the Settlement treats Class Members equitably by presenting each of them with the same choices within the three-tier structure. The Three Member Panel, including the Special Master, OB/GYN, and forensic psychiatrist, will evaluate claims and allocate awards to Tier 2 and Tier 3 Claimants. They will not consider either the number or amount of other Claim Awards or the total Settlement Amount when making their Claim Award determinations.

8. The Court certifies, for settlement purposes only, the following Class:

> All women who were seen for treatment by Dr. George M. Tyndall at the University of Southern California student health center during the period from August 14, 1989 to June 21, 2016: (a) for Women's Health Issues; or (b) whose treatment included an examination by him of her breast or genital areas; or (c) whose treatment included the taking of photographs or videotapes of her unclothed or partially clothed body.

9. The Court finds that the requirements of Rule 23(a) and Rule 23(b)(3) are satisfied for the certification of the Class for settlement purposes only.

10. Rule 23(a)(1) is satisfied because the Class consists of approximately 17,913 women, whose identities were ascertainable through USC's records and self-identification, and joinder of all members is impracticable.

11. Rule 23(a)(2) is satisfied because there are common issues of law and fact—Tyndall's alleged misconduct toward female patients at the USC student health center, and USC's alleged failure to terminate or otherwise discipline him—at the core of all claims.

12. Rule 23(a)(3) is satisfied because the Class Representatives' claims are typical of those of Settlement Class Members. Rule 23(a)(4) is satisfied because the Class Representatives fairly and adequately protected the interests of the Settlement Class.

13. Rule 23(b)(3) is satisfied because the questions of law or fact common to the Settlement Class predominate over individual questions, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

14. In making all the foregoing findings, the Court has exercised its discretion in certifying a Settlement Class.

15. The Court finds that due notice was given in accordance with the Preliminary Approval Order [Dkt. 148], and that the form and content of that Notice, and the procedures for dissemination thereof, satisfy the requirements of Rule 23(e) and due process and constitute the best notice practicable under the circumstances.

16. The Court held a hearing to consider the fairness, reasonableness and adequacy of the proposed Settlement, and was advised that there are no objections to the Settlement from any Settlement Class Members.

17. Adequate notice of the proceedings was given to Settlement Class Members, with a full opportunity to participate in the fairness hearing. Therefore, it is hereby determined that all Settlement Class Members are bound by this Final Approval Order and Judgment.

18. The Court **GRANTS** final approval of the Settlement.

19. The Litigation is dismissed with prejudice, and the Released Claims and the Releasing Defendants' Claims are released as set forth in the Settlement.

20. This Final Approval Order shall have no force or effect on the persons that have validly excluded themselves from the Class. The final list of persons that have validly excluded themselves from the Settlement was lodged with the Court in advance of the fairness hearing.

21. Without affecting the finality of the judgment, the Court reserves and continues jurisdiction with respect to Plaintiffs' motion for service awards to the Plaintiffs and attorneys' fees, costs, and expenses to Class Counsel, and in order to determine any issues relating to the attorneys' fees and expenses. Class Counsel's request for attorney's fees and reimbursement of expenses may not exceed $25 million. All attorneys' fees and expenses will be paid separately by Defendants, in addition to and without any reduction of the Settlement Fund. Any service awards the Court approves will be paid from the Settlement Fund.

22. Class Counsel's motion for service awards, attorneys' fees, costs, and expenses will be posted on the Settlement website as soon as it is filed. Settlement Class Members will have the opportunity to object to the motion.

23. Without affecting the finality of the judgment, the Court reserves and continues jurisdiction with respect to the implementation and enforcement of the terms of the Settlement, Claims Process, distribution of Claim Awards, and over this Order.

24. No person will have any claim against Plaintiffs, Class Counsel, any person designated by Class Counsel, the Special Master, the Panel, or the Claims Administrator arising from or relating to determinations or distributions made substantially in accordance with the Settlement or Orders of the Court.

25. The Court appoints as Class Representatives: Plaintiffs Jane Doe R.B., Jane Doe A.T., Jane Doe J.L., Jane Doe M.S., Shannon O'Conner, Jane Doe L.K., Jane Doe 5, Jane Doe M.V., Jane Doe K.M., Jane Doe A.S., Jane Doe A.F., Joyce Sutedja, Jane Doe M.G., Jane Doe D.D., Jane Doe M.D., Jane Doe A.D., Jane Doe K.Y., Meggie Kwait, Jane Doe M.M., Jane Doe P.A., Jane Doe S.A., Jane Doe L.R., Jane Doe R.K., Jane Doe H.R., Jane Doe 1HB, Jane Doe J.P., Jane Doe 1LC, Jane Doe C.N., Jane Doe J.L., Vanessa Carlisle, Jane Doe J.C., Jane Doe F.M., Jane Doe J.K., Jane Doe C.L., Jane Doe S.R., Jane Doe K.P., Jane Doe 2, Betsayda Aceituno, Jane Doe D.C., Jane Doe N.K., Jane Doe C.C., Jane Doe 4, Jane Doe C.B., Jane Doe 3, Jane Doe J.W., Mehrnaz Mohammadi, Jane Doe A.N., Jane Doe L.Y., Jane Doe A.H., and Elisabeth Treadway.

26. The Court appoints Hagens Berman Sobol Shapiro LLP, Girard Sharp LLP, Lieff Cabraser Heimann & Bernstein LLP, as Co-Lead Class Counsel and Sauder Schelkopf LLC, and Kohn, Swift & Graf, P.C. as Additional Class Counsel (collectively, "Class Counsel").

27. The Court appoints the Hon. Irma Gonzalez as Special Master. For the reasons set forth above, the Court GRANTS Plaintiffs' motion.

**IT IS SO ORDERED.**

DATED: 2/25/20

By: /s/ Stephen V. Wilson
Hon. Stephen V. Wilson
United States District Judge